McGOVERN et al. v. UNITED STATES (two cases).

(Circuit Court of Appeals, Seventh Circuit. January 24, 1922.)

Nos. 2924, 2925.

1. **Appeal and error ⬄333—Contempt proceedings abate on death of defendant after judgment.**

   A judgment convicting a defendant of contempt for violating an order abating a liquor nuisance abates on the death of the defendant subsequent to the entry of the judgment, and a writ of error to review the judgment will be dismissed as to such defendant.

2. **Intoxicating liquors ⬄279—Proceedings to enforce injunction against liquor nuisance are criminal.**

   Proceedings for contempt to enforce an order abating a liquor nuisance, under National Prohibition Act, tit. 2, § 22, are criminal contempt proceedings.

3. **Contempt ⬄33—Failure to plead pendency of another suit in same court does not authorize double judgment.**

   The failure, in criminal contempt proceedings to enforce an injunction against a liquor nuisance, to plead the pendency of other proceedings in the same court against the same parties and based upon the same facts, which were established in the second proceedings by the evidence received in the first, is not fatal to defendant's right to insist that he shall only be punished once for that offense, and does not authorize a judgment committing him for contempt in both proceedings.

4. **Judgment ⬄550—Order abating liquor nuisance bars subsequent order on same facts.**

   An order entered in proceedings by the United States brought by the United States district attorney enjoining a liquor nuisance is a bar to a similar order in a suit subsequently instituted on behalf of the United States by the Attorney General of the state against the same defendants for the same relief and based on the same facts, so that a judgment in the second proceeding is void and does not sustain a commitment for contempt.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Separate proceedings by the United States against John McGovern and William McGovern to punish defendants for contempt for violating orders abating a liquor nuisance. From judgments in each proceeding, convicting of contempt, defendants bring error. Proceedings dismissed as to William McGovern, who died subsequent to the judgment, and judgment as to John McGovern affirmed in the first proceeding and reversed in the second.

Certiorari denied 257 U. S. ——, 42 Sup. Ct. 464, 66 L. Ed. ——.

Seymour Stedman, of Chicago, Ill., for plaintiffs in error.

C. W. Middlekauff and Jacob I. Grossman, both of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Two writs of error are here prosecuted to review judgments punishing plaintiffs in error for contempt of court. Though prosecuted separately, they were presented and argued together and will be disposed of in a single opinion.

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John and William McGovern were convicted of contempt for violating two orders made in certain pending equity proceedings instituted under and by virtue of title 2, § 22, of the National Prohibition Act (41 Stat. 314). Each was fined $1,000 and sentenced to imprisonment for one year in each contempt proceeding.

The first proceeding, known here as No. 2924, was instituted in the name of the United States and by the United States district attorney; the second suit, known here as No. 2925, was begun in the name of the United States by the Attorney General of the state of Illinois. Each suit was prosecuted separately, and the contempt proceedings were separately instituted and separately prosecuted to judgment.

[1] Subsequent to the entry of the judgment in the contempt proceedings in the District Court, and prior to the hearing in this court, William McGovern died. As to him, therefore, the judgments abated, and the writs of error must be dismissed, in accordance with the practice announced in the case of Cæsar Dal Pino v. U. S., 278 Fed. 479, recently decided by this court.

As to John McGovern, two judgments are outstanding, each imposing a fine of $1,000 and a prison sentence of one year. Examination of the pleadings, orders, subpœnas, etc., as they appear in the record, discloses that the equity suit wherein the contempt proceedings arose and here known as No. 2924 was first instituted (November 24, 1920). Upon the same day an order was made, abating the nuisance and restraining the defendants from "selling, keeping, or bartering any intoxicating liquor" on the premises therein described. This order was served upon John McGovern December 3, 1920. The other equity suit instituted by the Attorney General of the state of Illinois, to abate the same nuisance and to restrain the same defendants from selling or disposing of liquor on the same described premises, was also filed November 24, 1920, but the injunctional order was signed November 26th.

Proceedings for the punishment of the defendant for contempt of court in No. 2924 were instituted on the 15th day of December, 1920, and hearing had on January 15, 1921. Contempt proceedings were begun in No. 2925 on the 11th day of January, 1921, and hearing had on the 15th day of the same month, immediately following the hearing in the contempt proceedings in No. 2924. The judgment was pronounced in No. 2924 first, and the trial in No. 2925 was then immediately begun.

The institution of the two similar proceedings was most unfortunate. The fact that in one suit counsel for the moving party was the United States district attorney, and in the other the Attorney General of the state of Illinois, does not change the character of the proceedings or the interest of the parties to the suit. In each equity proceeding the United States was the petitioner, and the plaintiffs in error the defendants. In each suit the relief sought was that designated by section 22 of the National Prohibition Act, the abatement of a nuisance maintained on the first or ground floor of the building located at 661 North Clark street. The evidence in each of the two contempt proceedings tried on January 15th was very similar. In fact, counsel on the second trial offered the evidence which the district attorney had a few minutes

before offered in the contempt proceedings arising in No. 2924. The two judgments entered were similar.

[2, 3] Both contempt proceedings were, judged by the test applied in Lewinsohn v. U. S. (C. C. A.) 278 Fed. 421, criminal contempt proceedings. No reason is now urged by the government why the two judgments were entered, other than that plaintiff in error failed to plead the pendency of another suit.

While it may be the proper, and undoubtedly the better practice, to plead the pendency of other suits, if the facts warrant such a plea, it by no means follows that a court should, in the absence of such a plea in abatement, enter two decrees in the two separately pending but substantially similar suits. Certainly, in proceedings so similar to criminal actions as criminal contempt, failure to plead the pendency of another contempt proceeding in the same court, between the same parties, and before the same judge, should not be fatal to defendant's right to insist upon not more than a single punishment for the commission of a single offense. That the two proceedings were substantially one and the same is shown, not alone by the title, the allegations in the petition, and the prayer for relief, but also by the fact that the evidence offered in No. 2924 was offered and received in No. 2925. U. S. v. Nickerson, 17 How. 204, 15 L. Ed. 219.

[4] Whatever may be the rule respecting the necessity and advisability of pleading in abatement the pendency of another suit, the bar into which the plea ripens when a decree is entered forbids the entry of a second judgment. In other words, when two suits of like nature, for the same purpose, and between the same parties, are pending at the same time, defendants in the second suit may plead the pendency of the first suit as a plea in abatement. But when the first suit has proceeded to judgment, it is no longer simply a matter in abatement, but a bar, a complete defense to the prosecution of the second suit.

True, the bar thus created is dependent ordinarily upon the entry of a final decree or a final judgment, and does not exist where a temporary order is granted. But, while the distinction thus based upon the temporary or final character of the order may be the basis for granting modified relief in the second case, such proposed change in the order could be expected only where the two similar suits were pending in different courts. If the two similar applications were copending in the same court, the order first entered would be presumed to be a disposition of both applications.

In the instant proceedings complaints for the same purpose, alleging the same material facts, between the same parties, in the same court were filed on the same day by the United States district attorney and by the Attorney General. The one we recognize as No. 2924 first received the attention of the court, and an order was therein entered abating the premises as a nuisance and enjoining plaintiffs in error from selling liquor therein. The second petition was presented a few hours later and a similar order was (inadvertently, we assume) signed in such suit (No. 2925). It is worthy of note that both injunctional orders were entered ex parte and the defendants had no opportunity to enter any plea.

We conclude that the first order was a bar to the entry of the second order, 23 Cyc. 1118, 1119. · Counsel have cited no case wherein such an order was upheld and we have found none. Vigilance by the law enforcement officers may well be commended, but it can hardly afford justification for double prosecution of the same offense, or the imposition of double punishment for one offending against the order thus twice pronounced. The second injunctional order is void, and the judgment entered in the second contempt proceedings (2925) must be vacated.

The judgment in No. 2924 is assailed for various reasons. No assignment of errors, other than those already considered and decided by this court in Lewinsohn v. U. S., has been suggested, except it is urged that the evidence does not support the judgment. It would serve no useful purpose to restate the questions disposed of in the Lewinsohn Case, nor is it necessary to discuss the evidence upon which this judgment is predicated. It is sufficient to say that the evidence clearly established the sale of beer and whisky upon the premises described in the injunctional order, and that the two plaintiffs in error were both behind the bar in the saloon known as "Liberty Inn," selling intoxicating liquor at a date later than November 26th, 1920.

As to William McGovern, the writs of error in both No. 2924 and No. 2925 are dismissed. As to John McGovern, the judgment in No. 2925 is reversed, and in No. 2924 judgment is affirmed.