### HANSEN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. July 25, 1924.)

No. 3109.

Criminal law ⬯168—Conviction for crime does not bar punishment for same act as violation of injunction.

Contempt of court for violation of injunction restraining liquor nuisance bears no necessary relation to liability for violating a criminal statute, though both are incurred by the same act, and punishment for one is no bar to prosecution for the other.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the United States against Julius Hansen. From an order adjudging defendant guilty of contempt, he brings error. Cause remanded.

David D. Stansbury, of Chicago, Ill., for plaintiff in error.

C. W. Middlekauff, of Chicago, Ill., for the United States.

Before ALSCHULER and EVANS, Circuit Judges, and FITZHENRY, District Judge.

ALSCHULER, Circuit Judge. In May, 1921, plaintiff in error was restrained by temporary injunction of the District Court from permitting or continuing a nuisance upon his premises through the keeping or sale of liquors in violation of the National Prohibition Act. September 2, 1921, an indictment was returned in the District Court, charging him with selling upon the same premises on the previous July 29 a glass of whisky in violation of the act, and on September 22, 1921, he pleaded guilty to the indictment, and a fine of $25 was imposed upon him by the District Court. September 27, 1921, petition was filed in the District Court alleging that Hansen had violated the temporary injunction by selling a glass of whisky on the premises, and asking that he be cited for contempt. He appeared and answered, setting up his indictment and punishment thereunder, asserting that the

sale to which he pleaded guilty under the indictment was the same one that is charged in the violation of the injunction, and that he is thus being put twice in jeopardy for the same offense.

This contention was overruled by the District Court, and the evidence was heard, showing the sale to have been the same in each case, and the court held him guilty of contempt, imposing a penalty of imprisonment for one year and a fine of $1,000. The contention of double jeopardy is here renewed.

Whether the contempt be regarded as civil or criminal in its nature, the punishment imposed is nevertheless in vindication of the court's authority, which has been defied through violation of the injunctional order. If courts were deprived of compulsory or punitive power in the enforcement of their lawful orders, their injunctions would be mere brutum fulmen. If a decree is for the payment of money, the scire facias makes it effective; but, if it is for the doing or refraining from specified things, the power to proceed in contempt for the willful flouting of its injunctional order is the vital spark which alone makes the order efficacious. Contempt of court for transgression of its injunctional order bears no necessary relation to liability for violating a criminal statute, although both are incurred by the same act, and punishment for one is no bar to prosecution for the other. Lewinsohn v. United States (C. C. A.) 278 Fed. 421, and cases there cited.

The case of McGovern v. United States (C. C. A.) 280 Fed. 73, which counsel for plaintiff in error assert is in point, is quite different from this one. There two bills were filed in the same court by the United States to suppress the same nuisance, one brought through the Attorney General of the state, as authorized by the statute, and the other by the United States district attorney. This court held that there properly should have been but one bill, and that, where the defendant had been punished for contempt in violating the injunction under one of the bills, he could not again be punished for contempt because the same act violated the injunction in the other.

In the oral argument here of this cause counsel representing the United States expressed in substance the view that at this time and under the circumstances it would not be equitable to inflict on plaintiff in error so severe a penalty for the contempt as was imposed. Believing that opportunity should be afforded for consideration of such suggestion by the District Court, the cause is remanded to that court for its further consideration of the penalty to be imposed.

Cause remanded.