## WELLING v. UNITED STATES.
## BROMBACH v. SAME.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1925.)

Nos. 4393, 4394.

1. **Intoxicating liquors** ⟊279—**Information held sufficient to charge sale of intoxicating liquor in violation of injunction order.**

Information for contempt, charging that accused's employees sold intoxicating liquor in accused's soft drink stand in accused's presence, *held* sufficient as to one defendant, to charge violation of injunction order issued under National Prohibition Act, tit. 2, §§ 22, 24 (Comp. St. Ann. Supp. 1923, §§ 10138½k, 10138½ll).

2. **Intoxicating liquors** ⟊279—**Innocence of violating injunction against sale of liquor presumed, until guilt proved beyond reasonable doubt.**

Persons enjoined from selling intoxicating liquor, under National Prohibition Act, tit. 2, §§ 22, 24 (Comp. St. Ann. Supp. 1923, §§ 10138½k, 10138½ll), are presumed innocent of violating injunction until proved guilty beyond reasonable doubt.

3. **Intoxicating liquors** ⟊279—**Evidence held not to show violation of injunction against sale by one accused.**

Evidence *held* not to show violation of injunction against sale of intoxicating liquor issued under National Prohibition Act, tit. 2, §§ 22, 24 (Comp. St. Ann. Supp. 1923, §§ 10138½k, 10138½ll), by one accused.

**4. Intoxicating liquors ☞279—Owner of soft drink stand could not be convicted of violating injunction against sale, on assumption of his continued interest in place.**

One of owners of soft drink place could not be convicted of violating injunction against sale of intoxicating liquor on premises, issued under National Prohibition Act, tit. 2, §§ 22, 24 (Comp. St. Ann. Supp. 1923, §§ 10138½k, 10138½ll), on assumption of his continued interest in place after injunction was issued.

**5. Intoxicating liquors ☞279—Information charging contempt need not specifically allege service of injunction order on accused.**

Information charging contempt in violating injunction against sale of intoxicating liquor need not specifically allege service of injunction order on accused, especially as it was implied in general averment as to issuance of order and accused's violation thereof.

**6. Intoxicating liquors ☞279—Copy of officer's return showing service of injunction order on accused held sufficient evidence of service.**

Copy of officer's return showing service of injunction order on accused *held* sufficient evidence of service.

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

John Welling and Leonard Brombach were adjudged guilty of contempt of court for violating an injunction prohibiting sale of intoxicating liquor, and they separately bring error. Affirmed as to defendant Brombach, and reversed as to defendant Welling.

John E. Moloney, of Detroit, Mich., for plaintiffs in error.

Wallace Visscher, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. John Welling and Leonard Brombach were adjudged guilty of contempt of court on an information filed by the United States District Attorney for the Eastern district of Michigan. The proceeding was founded on an injunction issued in an equity suit brought under title 2, §§ 22 and 24, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½k, 10138½ll), wherein Welling and Brombach, as proprietors of a soft drink stand, and Charles J. Faber and Gertrude Faber, his wife, owners of the premises, were defendants.

[1] It was charged in the information that, pursuant to the prayer of the bill in equity, an order was entered restraining Welling and Brombach from using, maintaining, or assisting in using or maintaining, the premises as a place where intoxicating liquor was manufactured, kept or sold; that after the injunction was issued they sold upon the premises "intoxicating liquors containing more than one-half of 1 per cent. of alcohol by volume, as follows, to wit." Then follows the description of the acts complained of, which shows that government agents visited the soft drink stand "owned by the said Leonard Brombach," and purchased liquor from the employés at the place, purchasing some of it in the presence of Brombach.

The information as to Brombach is definite enough to meet the requirements of Sona v. Aluminum Castings Co. (6 C. C. A.) 214 F. 936, 131 C. C. A. 232; Schwartz v. United States, 217 F. 866, 133 C. C. A. 576; Fontana v. United States (C. C. A.) 262 F. 283. But there is doubt as to its sufficiency against Welling, since, although it charged in general terms that he and Brombach had sold liquor in violation of the injunction, in the specification of facts it stated that the place was owned by Brombach, the liquor was sold by bartenders (neither of whom was Welling), that some of it was purchased in the presence of Brombach, and nothing was charged tending to show that Welling had anything to do with the sales, or any connection with the place at the time they were made.

[2-4] But, whether the information was or was not sufficient, the evidence for the government, in the opinion of the majority of the court, failed to show that Welling committed or was in any wise responsible for the acts on which the contempt order was based. Defendants were presumed to be innocent until their guilt was established beyond a reasonable doubt. Jones v. United States, 209 F. 585, 126 C. C. A. 407. The presumption was clearly overcome in Brombach's case. Fryar et al. v. United States (6 C. C. A.) 3 F.(2d) 598. But it was not shown that Welling participated in the offenses charged. The only evidence as to him is that after the order was violated he was seen at the place and procured keys for the real estate agent to some rooms that Brombach wanted repaired. The rent for the premises was paid by Brombach, and, while one witness was asked about a lease to which the name of Welling was signed, the lease was not lodged with the record, and the witness was unable to say whether the signature thereon was that of defendant Welling. He could not be convicted on an assumption of

a continued interest in the place after the injunction was issued, and there was no substantial evidence of any connection with it on his part at the time the offenses were committed.

[5, 6] It is claimed for Brombach that his conviction was illegal, because it was not alleged or proved that the order of injunction was served upon him. We do not think it necessary that the information contain the specific allegation; besides, it was implied in the general averment as to the issuance of the order and defendant's violation of it. On the issue of fact, defendant testified that he was never served with the order; but a copy of it, with the officer's return showing that it had been served on him, was introduced in evidence. This of itself was sufficient evidence of the service.

Affirmed as to Brombach, but reversed as to Welling.