**ORBAN v. UNITED STATES (two cases).**

(Circuit Court of Appeals, Sixth Circuit. March 29, 1927.)

Nos. 4687, 4730.

1. **Intoxicating liquors ⬤⟳279—Filing copy of restraining order, and making it part of information for contempt for violation thereof, held sufficient showing of defendant's notice (National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

Filing a copy of order restraining defendants from using or maintaining premises as place where intoxicating liquor was manufactured, sold, kept, or bartered, in violation of National Probition Act (Comp. St. § 10138¼ et seq.), with marshal's return of service, and making it part of information for contempt for violating such injunction, *held* sufficient showing as to defendant's knowledge of injunction.

2. **Indictment and information ⬤⟳3—Sentence for contempt, not imposing hard labor and in institution not denoting infamy, held not "infamous punishment."**

Sentence for contempt of court, not imposing hard labor and in institution which does not of itself denote infamy, *held* not to constitute "infamous punishment."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infamous Punishment.]

3. **Criminal law ⬤⟳168—Judgment in contempt proceeding for violating liquor injunction held not bar to prosecution for selling liquor.**

Judgment in contempt proceeding for violation of liquor injunction, based on sale on certain date, *held* not a bar to prosecution for selling on such date, which is itself an offense under the statute.

In Error to the District Court of the United States for the Eastern District of Michigan; Paul Jones and Arthur J. Tuttle, Judges.

John Orban was separately convicted of contempt of court and of sale of liquor, and he brings error. Affirmed.

S. Homer Ferguson, of Detroit, Mich. (Vincent M. Brennan, of Detroit, Mich., on the brief), for plaintiff in error.

Chas. A. Meyer, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., and Wallace Visscher, both of Detroit, Mich., on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. The first of these proceedings is based on an injunction, restraining Orban from "using, maintaining, or assisting in using or maintaining," certain premises in Detroit as a place where intoxicating liquor was "manufactured, sold, kept, or bartered, in violation" of the National Prohibition Act (Comp. St. § 10138¼ et seq.). This order was issued June 18, 1923, and was served on Orban July 7, 1923. In November of the same year he was arrested on an information filed by the district attorney, and brought into court to show cause, if any he had, why he should not be punished for contempt of court. The information was supported by an affidavit showing sales of liquor in violation of the injunction. On the hearing he was found guilty.

[1] It is said that the judgment is wrong because the information failed to allege willful disobedience of the injunction, did not sufficiently apprise defendant of the charge, and did not call upon him to show cause why he should not be punished for contempt. We do not so construe the information. It alleged facts clearly implying a willful disobedience of the injunction, and definitely stated the particulars of the charge, praying that defendant be brought before the court to show cause, if any he had, why he should

not be punished for contempt. Nor was it defective, as counsel contend, in failing to show that defendant knew of the injunction. A copy of the order, with the marshal's return of service on the defendant, was filed with and made a part of the information. This was a sufficient showing of notice under Welling v. United States (6 C. C. A.) 9 F.(2d) 292.

[2] The proceeding was authorized under the Gompers Case, 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, and Pino v. United States (C. C. A.) 278 F. 479, and there is no basis for the contention that defendant was misled as to its nature, or, if so, suffered any injury as a result thereof. The evidence of the prohibition agent was admissible. The circumstances under which he made the purchases were clearly within the methods approved in Goldman v. United States (6 C. C. A.) 220 F. 57. It is not necessary to determine what weight it to be given to evidence of but one act committed in violation of the injunction, since there was proof of more than one, all tending to show defendant's use of the premises in violation of the injunction. Nor is there any merit in the suggestion that the punishment was infamous. The sentence did not impose hard labor, and commitment was in the Detroit House of Correction, not such an institution as of itself denotes infamy. United States v. Moreland, 258 U. S. 433, 42 S. Ct. 368, 66 L. Ed. 700, 24 A. L. R. 992.

[3] In the second case there was a charge in the first count of an unlawful sale on August 27, 1923, and in the second of the maintenance of a nuisance. The defendant was acquitted of the second charge. He pleaded former jeopardy against the first, basing the plea on the contempt proceeding, wherein proof of the sale of August 27th was received as evidence of the use of the premises in violation of the injunction. He was not charged with or convicted of the sale of liquor in that case. The issue there was whether he had violated the injunction by using the premises as a place where intoxicating liquor was sold—not whether he had committed the offense of selling liquor on August 27, 1923. Proof of the sale on that date was admissible as evidence of the forbidden use; but the judgment in that case was not a bar to the prosecution for selling, itself an offense under the statute. The case of McGovern v. United States (C. C. A.) 280 F. 73, relied upon by defendant, does not hold otherwise as pointed out by the later case, decided by the same court, of Hansen v. United States, 1 F. (2d) 316, where it was held that contempt of court for transgressing an injunction has no necessary relation to liability for violating a criminal statute, though both are incurred by the same act. See In re Debs, 158 U. S. 564, 15 S. Ct. 900, 39 L. Ed. 1092. This, we think, is consistent with the principles announced in Miller v. United States (6 C. C. A.) 300 F. 529, Gozner v. United States (6 C. C. A.) 9 F.(2d) 603, and Albrecht v. United States, 47 S. Ct. 250, 71 L. Ed. —— (decided January 3, 1927) and, because of the merely quasi criminal character of contempt, not within the principle of In re Nielsen, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118.

Judgments affirmed.