89 So.2d 88

Ex parte John EVETT et al.

In re LINCOLN MILLS OF ALABAMA et al.

v.

TEXTILE WORKERS UNION OF AMERICA, CIO, LOCAL NO. 230, et al.

8 Div. 833.

Supreme Court of Alabama.

June 21, 1956.

Rehearing Denied Aug. 2, 1956.

See also, post, p. 689, 89 So.2d 83.

Cooper, Mitch & Black, Birmingham, and Earl E. Cloud, Huntsville, for petitioners.

Bell, Morring & Richardson, Huntsville, for respondents.

MERRILL, Justice.

This is a petition for writ of certiorari to review a decree of the Circuit Court of Madison County, in Equity, adjudging the petitioners in contempt for the violation of a temporary restraining order which issued during a labor dispute between petitioner, Local Number 230, and respondent, Lincoln Mills of Alabama.

The petitioners were tried under a rule to show cause which was issued pursuant to a verified petition. Said petition as amended charged:

"That the respondents Textile Workers Union of America-CIO, Local Number 230, an unincorporated labor organization, acting by and through one John Evett and numerous other individuals whose names are at this time unknown to complainants but all of whom were at the time and place thereof members of said Local Number 230, and acting in concert and in the behalf and as agents of said Local Number 230, have wilfully violated said temporary restraining order in that on August 3, 1955, the said John Evett and numerous other members of said Local Number 230 did follow James Lang, an applicant for a job at Lincoln Mills from the main entrance of said mills, in said county, and did curse, abuse, threatened to kill, and otherwise molest James Lang; and the said John Evett did assault, strike, and beat the said James Lang."

The temporary restraining order to which these charges refer was issued by the Chief Justice of this Court on July 27, 1955, and provided, as here pertinent:

"1. That the respondents and each of them be, and they hereby are, restrained and ordered from assembling around and about the plant of the complainant, Lincoln Mills of Alabama, in masse.

"2. That the respondents, and each of them, are hereby ordered to refrain from maintaining more than three pickets at each entrance to the plant of complainant, Lincoln Mills of Alabama, Inc.

"3. That the respondents, and each of them, are hereby restrained and ordered to refrain from standing fixed while engaged in the picketing of the plant of said Lincoln Mills of Alabama, and they are specifically ordered to remain in motion while picketing the said premises.

"4. The respondents, and each of them, are hereby restrained from, and ordered to refrain from, blocking or otherwise obstructing any entrance or exit to or from the premises of Lincoln Mills of Alabama.

"5. Respondents, and each of them, are hereby restrained from and ordered to refrain from exercising any physical restraint, coercing, intimidation, or force preventing free ingress and

egress to and from the plant of the complainant, Lincoln Mills of Alabama."

The trial judge heard the evidence ore tenus and adjudged petitioners separately and severally in contempt for having violated paragraphs 1, 4 and 5 of the temporary restraining order.

The evidence adduced disclosed, in substance, that on the morning of August 3, 1955, James Lang, Bill Lang, and Billy Lang went to Lincoln Mills to apply for a job. They parked their car approximately one-half a block from the driveway leading into the main gate of the mill and walked inside. No one molested them as they entered although quite a number of people were standing about in the general vicinity of the mill. Upon being told by the personnel director of the mill that they would have to wait about fifteen minutes and that they could drive their car inside the gate, the three Langs went out the gate and proceeded toward their car. Immediately a large crowd of people formed about them calling them abusive names and threatening them. This crowd increased in size as they approached their car. Two women broke out two windows of the car with claw hammers. A general melee ensued in which all three Langs were sufficiently beaten to require medical attention.

This is a companion case to Ex parte Seymore, 89 So.2d 83 and appellants raise three questions identical in that case and the instant case. These questions are treated in paragraphs numbered I, II and III in the Seymore case, and our discussion there will not be duplicated here.

■■■ Petitioners contend that there is a variance between the allegations of the petition for a rule to show cause and the proof offered in that while there was considerable evidence adduced tending to show that petitioner Evett committed the acts alleged in the petition against *Bill* Lang, there is an absence of proof showing the commission by him of these acts against *James* Lang. Respondents contend that a complete answer to this contention is Rule 34, Rules of the Circuit and Inferior Courts, Title 7, Code of Alabama, 1940, Appendix, which provides:

"In all cases where there is a variance between the allegations and proof, and which could be cured by an amendment of the pleading, the trial court will not be put in error for admitting such proof unless there was a special objection making the point as to variance. And the general objection that the same is illegal, irrelevant and immaterial will not suffice. Nor will the trial court be put in error for refusing the general charge predicated upon such variance, unless it appears from the record that the variance was brought to the attention of the said trial court by a proper objection to the evidence."

Petitioners answer this contention by urging that this being a case of constructive criminal contempt, the regular rules of practice in criminal cases must be followed as closely as possible. Thus it is argued that Rule 34 does not apply but instead Title 15, § 253, Code of Alabama, 1940, is applicable and this being so the petition for a rule to show cause, like an indictment, cannot be amended without the consent of the accused.

We think this argument, while ingenious, is lacking in merit. Article I, § 6 of the Constitution guarantees a jury trial in all prosecutions by indictment, but the Constitution does not invest the Supreme Court with original jurisdiction in criminal actions. The statutes do not invest the Court of Appeals with original jurisdiction in criminal actions, nor do Probate Courts or Courts of County Commissioners have any criminal jurisdiction whatsoever, yet all have power to punish for contempt. It would be anomalous indeed to hold that a criminal contempt committed against either of those courts should be tried under the criminal code; and even so, to hold that the accused was entitled to a trial by

jury. And it would be equally anomalous to hold that the law gives an alleged contemnor of the Circuit Court a right of trial by jury and at the same time, deny it to alleged contemnors of the Appellate or Probate Courts. Clearly, contempt proceedings are not criminal cases within the meaning of the Constitution or statutes of Alabama. See Osborne v. Purdome, Mo., 244 S.W.2d 1005, 1006, 29 A.L.R.2d 1141. We hold that the variance here complained of could have been cured by amendment, and that the absence of a special objection in the court below making the point, precludes a reversal of this cause on that ground under Rule 34.

■ We next treat the contention of petitioner Evett that the court below erred in sustaining the demurrer of respondent to his plea of autrefois convict. This plea was based on allegations that Evett was tried and convicted in the Recorder's Court of the City of Huntsville for the offense of an affray and such conviction was based on the same acts with which he is charged in the petition for a rule to show cause. In support of this contention reliance is placed on the double jeopardy provisions of the Alabama Constitution of 1901, Art. 1, § 9 and the Constitution of the United States, Amends. 5 and 14.

In the case of Lewinsohn v. U. S., 7 Cir., 278 F. 421, 428, certiorari denied 258 U.S. 630, 42 S.Ct. 463, 66 L.Ed. 800, it was stated:

> "Equally conclusive are the decisions of the court supporting the power of the court to punish for contempt notwithstanding there are statutes authorizing criminal prosecutions for the commission of the acts condemned. In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092; In re Chapman, supra [166 U.S. 661, 17 S.Ct. 677, 41 L.Ed. 1154]; Stead v. Fortner, 255 Ill. 468, 99 N.E. 680; [Port of] Mobile v. Louisville & Nashville Railroad Co., 84 Ala. 115, 4 So. 106, 5 Am.St.Rep. 342."

See Hansen v. U. S., 7 Cir., 1 F.2d 316; Orban v. U. S., 6 Cir., 18 F.2d 374; City of New Orleans v. Lafon, La.App., 61 So. 2d 270; 22 C.J.S., Criminal Law, § 293. Further in support of his contention that the demurrer of respondent to his plea of autrefois convict should have been overruled, Petitioner cites Title 15, § 287, Code of Alabama, 1940, which reads:

> "Any act or omission declared criminal and punishable in different ways by different provisions of law, shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

We think the provisions of the above section have no application in the instant case for the reason that contempt is not an act "declared criminal" within the meaning of the statute. A conviction on an indictment will not purge a contempt, nor a conviction for a contempt be a bar to an indictment. State v. Smith, 97 Ohio App. 86, 121 N.E.2d 199. The action of the lower court in sustaining the demurrer of respondent to the plea of autrefois convict was proper.

■ Petitioners also contend that there is a failure of proof as to the commission by the Union of the acts alleged in the petition for a rule to show cause. As before stated, the evidence was heard ore tenus by the trial judge. In the case of Robertson v. State, 20 Ala.App. 514, 104 So. 561, 572, it was stated:

> "As a general rule, a reviewing court in contempt proceedings will not consider pure questions of fact. The court, however, may determine whether the alleged contemptuous conduct constitutes a contempt in law."

In Ex parte Bankhead, 200 Ala. 102, 75 So. 478, 479, this court stated:

> "As the record in this case shows that the trial court was clothed with

**680**

jurisdiction in the matter, and committed no error of law apparent upon the record, the writ must be denied; as this court will not review or revise the conclusion and judgment of the trial court upon the facts under the writ of certiorari. Dickens case [Ex parte Dickens], 162 Ala. 272, 50 So. 218; McAllilley v. Horton, 75 Ala. 491; Miller v. Jones, 89 Ala. [89] 93; Stanfill v. Court of County Revenue, 80 Ala. [287] 290; McCulley v. Cunningham, 96 Ala. [583] 585, 11 So. 694; Taliaferro v. Lee, 97 Ala. [92] 102, 13 So. 125."

The decree of the lower court is due to be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.