199 So.2d 82

**Ex parte John E. MOREHEAD et al.**

**In re ALABAMA POWER COMPANY**

**v.**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO et al.**

**2 Div. 494.**

Supreme Court of Alabama.

April 13, 1967.

Rehearing Denied June 1, 1967.

Cooper, Mitch & Crawford, Birmingham, for appellants.

Lange, Simpson, Robinson & Somerville and Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, for respondent.

MERRILL, Justice.

This is a petition for writ of certiorari to review a decree of the Circuit Court of Greene County, In Equity, adjudging the petitioners guilty of contempt of court for violating a temporary writ of injunction issued by the register of such court on August 19, 1966 in the case of Alabama Power Company, Complainant v. International Brotherhood of Electrical Workers, AFL–CIO, et al., Respondents (hereinafter called the "Primary Case").

The temporary writ of injunction in the Primary Case, referred to above, enjoined the Union, inter alia, from:

"(a) Obstructing, harassing, molesting or interfering with the ingress or egress to and from the Complainant's premises, property or equipment by Complainant's employees, customers or invitees;

"(b) mass picketing or congregating in numbers of more than two at or near any gate or entrance way to Complainant's properties and places of business, or along any roads or highways giving access to Complainant's properties and places of business;

"(c) assaulting, injuring, damaging, or committing acts of violence to, the person or property of the employees of Complainant or their families and relatives, or the customers or invitees of Complainant, or threatening or attempting to do any of said acts;

\* \* \* \* \* \*

"(f) threatening, harassing, coercing or intimidating Complainant's employees or their families at or in the vicinity of their homes, or elsewhere;

\* \* \* \* \* \*

"(j) following and interfering with, or attempting to interfere with the operation of, any motor vehicle used in the business of Complainant or of any employee, supplier or customer of Complainant ·on the public streets and roads;

\* \* \* \* \* \*

"(l) obstructing, blocking or in any other manner unlawfully interfering with the free use of the entrances to and exits from Complainant's plants, buildings, establishments, places of business and property, or attempting to so do;

"(m) intimidating, coercing or inducing, by violence or by force or by a display or show or threat of violence or force any non-striking employee of Complainant from continuing to perform his or her employment with Complainant or attempting to do so;

"(n) hampering with or in any way injuring or molesting any automobiles or other property of non-striking employees of Complainant while being driven to or from their places of employment or while parked at or near the same, or attempting to do so;

\* \* \* \* \* \*

"(p) impeding the motor vehicles of the Complainant or of third persons doing business with the Complainant from entering or leaving the property or properties of Complainant or at any other place;

"(q) obstructing, blocking or otherwise unlawfully interfering with the free

use of public streets, sidewalks, or ways;"

On August 30, 1966, Alabama Power Company filed a verified petition against John E. Morehead, James S. Henderson and Thomas Lee Clark for a rule to show cause why they should not be punished for contempt for violation of the writ of injunction. The rule to show cause was issued, trial was held on the petition, and each was found guilty on September 6, 1966.

On September 9, 1966, Alabama Power Company filed a second verified petition against John R. Haywood, Maurice Littleton, James E. Odom, W. V. Jones, Henry Davis, Local Union No. 345, and others. A third contempt citation was also filed on the same day against William D. Dreher. Trial was held on the second and third contempt citations on September 13, 1966, and Haywood, Littleton, Odom, Jones, Davis, Local Union No. 345, and Dreher were found guilty while certain others were found not guilty. Those parties, mentioned above, found guilty of contempt, filed the instant petition for writ of certiorari.

 The three contempt citations describe five basic incidents which involve the ten petitioners. Incidents one and two embrace only petitioners Morehead, Dreher, Henderson and Clark, and since no assignment of error is argued in brief relating to those four petitioners, the writ of certiorari issued on their behalf is subject to dismissal. The familiar rule is that assignments of error are waived if not argued in brief. Sylvester v. Strickland, 278 Ala. 278, 177 So.2d 905; Rule 9 of Revised Rules of the Supreme Court, Code 1940, Tit. 7, Appendix.

Incident number three involved petitioners Haywood, Littleton, Odom and Jones, who were found guilty as charged of following and assaulting two Alabama Power Company employees by striking one with rocks and threatening to kill both of them.

Incident number four involves the finding of Henry Davis and Local Union No. 345 in contempt for placing quantities of nails around the entrance to Barry Steam Plant on various occasions.

Incident number five involves only Local Union No. 345 which was found guilty of damaging and interfering with the Alabama Power Company's facilities at the entrance to the Barry Steam Plant.

 By assignments of error 2, 3, 4 and 6, which are grouped together for argument, petitioners urge that the trial court erred in allowing the Alabama Power Company to call contemnors Haywood, Odom, Littleton and Davis as witnesses. It is contended that the proceedings were criminal within the meaning of constitutional and statutory provisions pertaining to criminal cases, and that the contemnors could not properly be placed on the witness stand to give testimony against themselves. We cannot agree. Although called to the stand as witnesses, none of the contemnors were required to answer questions tending to incriminate them. Each one of these witnesses did claim the privilege and each time the claim was made it was sustained by the trial court.

We are not here concerned with the right of a witness to claim the privilege of self-incrimination, but rather with the question of whether contempt proceedings are criminal cases.

In Ex parte Evett, 264 Ala. 675, 89 So. 2d 88, the contemnors were adjudged guilty of contempt for violating a temporary restraining order issued during a labor dispute. Contemnors there, as the evidence showed, had beaten three men who attempted to apply for work in a textile mill. They contended on appeal that the rules of criminal procedure, rather than civil procedure, applied. We said in part:

"* * * Clearly, contempt proceedings are not criminal cases within the meaning of the Constitution or statutes of Alabama. See Osborne v. Purdome, Mo.,

244 S.W.2d 1005, 1006, 29 A.L.R.2d 1141. * * *"

The petitioners in *Evett* further contended that since they had been convicted for the beatings in the Recorders Court of the City of Huntsville that a ruling of the court that they were guilty of contempt would violate the double jeopardy provisions of the Alabama Constitution. We held to the contrary, saying:

" * * * A conviction on an indictment will not purge a contempt, nor a conviction for a contempt be a bar to an indictment."

Since a contempt proceeding is not a criminal proceeding in this State, Tit. 15, § 305, Code 1940, which provides that on the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness, does not apply as appellants insist. (Another example is a proceeding in bastardy, which although penal in its character, and quasi criminal, is not a criminal prosecution within the meaning of this section. Miller v. State, 110 Ala. 69, 20 So. 392; Harris v. State, 28 Ala.App. 23, 177 So. 311.) Therefore, it was not error to permit the Alabama Power Company to call contemnors to the witness stand.

Petitioners' assignment of error number 10 is as follows:

"The trial court erred in finding appellants guilty of contempt of court."

It is contended under this assignment that as to Local Union No. 345, the evidence was insufficient to sustain the trial court's decree. The Alabama Power Company meets this argument first by urging that this court cannot review pure questions of fact. Such is the law, but where, as here, the contention is advanced that the

evidence was not sufficient, or that there is no evidence to support the finding of fact, then there is error as a matter of law reviewable by this court on certiorari. Royster & Haardt v. Morgan, 245 Ala. 496, 17 So.2d 582.

We said in Alabama Electric Cooperative, Inc. v. Alabama Power Company, 278 Ala. 123, 176 So.2d 483, that:

"The supervisory jurisdiction of the court on certiorari is restricted to an examination into the external validity of the proceeding had in the lower tribunal. It cannot be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case. In this respect the supervisory powers of the court should not be confused with its appellate jurisdiction. And when the court examines the evidence, it does so, not to determine the probabilities preponderate one way or the other, but merely to determine whether the evidence will justify the finding as a legitimate inference from the facts proved regardless of whether such inference would or would not have been drawn by the appellate tribunal. Byars v. Town of Boaz, 229 Ala. 22, 155 So. 383; Ex parte Watkins, 268 Ala. 567, 109 So.2d 671; 10 Am.Jur., Certiorari, Sec. 3, pp. 525, 526."

We have examined the record in the instant case and conclude that the evidence was sufficient to support the trial court's order.

We set out some of the evidence below to show merely that the trial court was not arbitrary and capricious in reaching its decision.

The evidence showed that Local Union No. 345 maintained pickets at the Barry Steam Plant twenty-four hours a day since the date of the issuance of the writ of

injunction on August 19, 1966. The pickets performed their picketing activities at the entrance to the Barry Steam Plant; they maintained a tent which was used by persons on strike at the location. The pickets carried signs which identified them as members of the International Brotherhood of Electrical Workers and Local Union No. 345. On August 23, 1966, one of the pickets was observed to put nails in the road at the entrance to the plant, after which he picked up his sign and resumed picketing again. Certain of the Alabama Power Company's facilities were utilized by Local No. 345 outside the entrance to the Barry Steam Plant. A picket tent was erected by members of Local Union No. 345 who interfered with the Company's electrical ways and means. Local No. 345 also provided picket captains, appointed by the Union president, who stayed on the picket lines at all times.

All of the foregoing evidence was uncontroverted, and sufficient, we think, to support the trial court's order. The petitioners' argument in brief that "the record is wholly lacking in any evidence that the local authorized, participated in, or ratified the acts complained of" is without merit.

"It is true of a union as of an employer that it may be responsible for acts which it has not expressly authorized or which might not be attributable to it on strict application of the rules of respondeat superior." Milk Wagon Drivers Union v. Meadowmoor Dairies, 312 U.S. 287, 61 S. Ct. 552, 85 L.Ed. 836, 132 A.L.R. 1200. The evidence set out supra was sufficient to support a finding by the trier of fact that the local union participated in the enjoined activities.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.