Chief Justice Rehnquist,
with whom
Justice O’Con-nor and Justice Thomas join, concurring in part and dissenting in part.
Respondent Alvin Dixon possessed cocaine with intent to distribute it. For that he was held in contempt of court for violating a condition of his bail release. He was later criminally charged for the same conduct with possession with intent to distribute cocaine. Respondent Michael Foster assaulted and threatened his estranged wife. For that he was held in contempt of court for violating a civil protection order entered in a domestic relations proceeding. He was later criminally charged for the same conduct with assault, threatening to injure another, and assault with intent to kill.
The Court today concludes that the Double Jeopardy Clause prohibits the subsequent prosecutions of Foster for assault and Dixon for possession with intent to distribute cocaine, but does not prohibit the subsequent prosecutions of Foster for threatening to injure another or for assault with intent to kill. After finding that at least some of the charges here are not prohibited by the “same-elements” test set out in Blockburger v. United States, 284 U. S. 299, 304 (1932), the Court goes on to consider whether there is a double jeopardy bar under the “same-conduct” test set out in Grady v. Corbin, 495 U. S. 508, 510 (1990), and determines that there is. However, because the same-conduct test is inconsistent with the text and history of the Double Jeopardy Clause, was a departure from our earlier precedents, and has proven difficult to apply, the Court concludes that Grady must be overruled. I do not join Part III of Justice Scalia’s opinion because I think that none of the criminal prosecutions in this case were barred under Blockburger. I must then confront the expanded version of double jeopardy embodied in Grady. For the reasons set forth in the dissent in Grady, supra, at 526 (opinion of Scalia, J.), and in Part IV of the Court’s opinion, I, too, think that Grady must be overruled. I *716 therefore join Parts I, II, and IV of the Court’s opinion, and write separately to express my disagreement with JUSTICE Scalia’s application of Blockburger in Part III.
In my view, Blockburger’s same-elements test requires us to focus, not on the terms of the particular court orders involved, but on the elements of contempt of court in the ordinary sense. Relying on Harris v. Oklahoma, 433 U. S. 682 (1977), a three-paragraph per curiam in an unargued case, Justice Scalia concludes otherwise today, and thus incorrectly finds in Part III-A of his opinion that the subsequent prosecutions of Dixon for drug distribution and of Foster for assault violated the Double Jeopardy Clause. In so doing, Justice Scalia rejects the traditional view — shared by every Federal Court of Appeals and State Supreme Court that addressed the issue prior to Grady — that, as a general matter, double jeopardy does not bar a subsequent prosecution based on conduct for which a defendant has been held in criminal contempt. I cannot subscribe to a reading of Harris that upsets this previously well-settled principle x>f law. Because the generic crime of contempt of court has different elements than the substantive criminal charges in this case, I believe that they are separate offenses under Blockburger. I would therefore limit Harris to the context in which it arose: where the crimes in question are analogous to greater and lesser included offenses. The crimes at issue here bear no such resemblance.
Justice Scalia dismisses out-of-hand, see ante, at 699, the Government’s reliance on several statements from our prior decisions. See In re Debs, 158 U. S. 564, 594, 599-600 (1895); In re Chapman, 166 U. S. 661, 672 (1897); Jurney v. MacCracken, 294 U. S. 125, 151 (1935). Those statements are dicta, to be sure, and thus not binding on us as stare decisis. Yet they are still significant in that they reflect the unchallenged contemporaneous view among all courts that the Double Jeopardy Clause does not prohibit separate prosecutions for contempt and a substantive offense based *717 on the same conduct.[1] This view, which dates back to the English common law, see F. Wharton, Criminal Pleading and Practice § 444, p. 300 (8th ed. 1880), has prevailed to the present day. See generally 21 Am. Jur. 2d, Criminal Law § 250, p. 446 (1981). In fact, every Federal Court of Appeals and state court of last resort to consider the issue before Grady agreed that there is no double jeopardy bar to successive prosecutions for criminal contempt and substantive criminal offenses based on the same conduct. See, e. g., Hansen v. United States, 1 F. 2d 316, 317 (CA7 1924); Orban v. United States, 18 F. 2d 374, 375 (CA6 1927); State v. Sammons, 656 S. W. 2d 862, 868-869 (Tenn. Crim. App. 1982); Commonwealth v. Allen, 506 Pa. 500, 511-516, 486 A. 2d 363, 368-371 (1984), cert. denied, 474 U. S. 842 (1985); People v. Totten, 118 Ill. 2d 124, 134-139, 514 N. E. 2d 959, 963-965 (1987).[2] It is somewhat ironic, I think, that Justice & alia today adopts a view of double jeopardy that did not come to the fore until after Grady, a decision which he (for the Court) goes on to emphatically reject as “lack[ing] constitutional roots.” Ante, at 704.
At the heart of this pr e-Grady consensus lay the common belief that there was no double jeopardy bar under Block-burger. There, we stated that two offenses are different for *718 purposes of double jeopardy if “each provision requires proof of a fact which the other does not.” 284 U. S., at 304 (emphasis added). Applying this test to the offenses at bar, it is clear that the elements of the governing contempt provision are entirely different from the elements of the substantive crimes. Contempt of court comprises two elements: (i) a court order made known to the defendant, followed by (ii) willful violation of that order. In re Gorfkle, 444 A. 2d 934, 939 (D. C. 1982); In re Thompson, 454 A. 2d 1324, 1326 (D. C. 1982). Neither of those elements is necessarily satisfied by proof that a defendant has committed the substantive offenses of assault or drug distribution. Likewise, no element of either of those substantive offenses is necessarily satisfied by proof that a defendant has been found guilty of contempt of court.
Justice Scalia grounds his departure from Blockburger’s customary focus on the statutory elements of the crimes charged on Harris v. Oklahoma, supra, an improbable font of authority. See ante, at 698. A summary reversal, like Harris, “does not enjoy the full precedential value of a case argued on the merits.” Connecticut v. Doehr, 501 U. S. 1, 12, n. 4 (1991); accord, Edelman v. Jordan, 415 U. S. 651, 671 (1974). Today’s decision shows the pitfalls inherent in reading too much into a “terse per curiam.” Ante, at 698. Justice Scalia’s discussion of Harris is nearly as long as Harris itself and consists largely of a quote, not from Harris, but from a subsequent opinion analyzing Harris. Justice Scalia then concludes that Harris somehow requires us to look to the facts that must be proved under the particular court orders in question (rather than under the general law of criminal contempt) in determining whether contempt and the related substantive offenses are the same for double jeopardy purposes. This interpretation of Harris is both unprecedented and mistaken.
Our double jeopardy cases applying Blockburger have focused on the statutory elements of the offenses charged, not *719 on the facts that must be proved under the particular indictment at issue — an indictment being the closest analogue to the court orders in this case. See, e. g., Grady, 495 U. S., at 528 (Scalia, J., dissenting) (“Th[e] test focuses on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure a conviction”); Albernaz v. United States, 450 U. S. 333, 338 (1981) (“ ‘[T]he Court’s application of the test focuses on the statutory elements of the offense’ ” (quoting Iannelli v. United States, 420 U. S. 770, 785, n. 17 (1975))); United States v. Woodward, 469 U. S. 105, 108 (1985) (per curiam) (looking to the statutory elements of the offense in applying Blockburger). By focusing on the facts needed to show a violation of the specific court orders involved in this case, and not on the generic elements of the crime of contempt of court, Justice Scalia’s double jeopardy analysis bears a striking resemblance to that found in Grady — not what one would expect in an opinion that overrules Grady.
Close inspection of the crimes at issue in Harris reveals, moreover, that our decision in that case was not a departure from Blockburger’s focus on the statutory elements of the offenses charged. In Harris, we held that a conviction for felony murder based on a killing in the course of an armed robbery foreclosed a subsequent prosecution for robbery with a firearm. Though the felony-murder statute in Harris did not require proof of armed robbery, it did include as an element proof that the defendant was engaged in the commission of some felony. Harris v. State, 555 P. 2d 76, 80 (Okla. Crim. App. 1976). We construed this generic reference to some felony as incorporating the statutory elements of the various felonies upon which a felony-murder conviction could rest. Cf. Whalen v. United States, 445 U. S. 684, 694 (1980). The criminal contempt provision involved here, by contrast, contains no such generic reference which by definition incorporates the statutory elements of assault or drug distribution.
*720 Unless we are to accept the extraordinary view that the three-paragraph per curiam in Harris was intended to overrule sub silentio our previous decisions that looked to the statutory elements of the offenses charged in applying Blockburger, we are bound to conclude, as does Justice Scalia, see ante, at 698, that the ratio decidendi of our Harris decision was that the two crimes there were akin to greater and lesser included offenses. The crimes at issue here, however, cannot be viewed as greater and lesser included offenses, either intuitively or logically. A crime such as possession with intent to distribute cocaine is a serious felony that cannot easily be conceived of as a lesser included offense of criminal contempt, a relatively petty offense as applied to the conduct in this case. See D. C. Code Ann. § 33-541(a)(2)(A) (Supp. 1992) (the maximum sentence for possession with intent to distribute cocaine is 15 years in prison). Indeed, to say that criminal contempt is an aggravated form of that offense defies common sense. Even courts that have found a double jeopardy bar in cases resembling this one have appreciated how counterintuitive that notion is. E. g., United States v. Haggerty, 528 F. Supp. 1286, 1297 (Colo. 1981).
But there is a more fundamental reason why the offenses in this case are not analogous to greater and lesser included offenses. A lesser included offense is defined as one that is “necessarily included” within the statutory elements of another offense. See Fed. Rule Crim. Proc. 31(c); Schmuck v. United States, 489 U. S. 705, 716-717 (1989). Taking the facts of Harris as an example, a defendant who commits armed robbery necessarily has satisfied one of the statutory elements of felony murder. The same cannot be said, of course, about this case: A defendant who is guilty of possession with intent to distribute cocaine or of assault has not necessarily satisfied any statutory element of criminal contempt. Nor, for that matter, can it be said that a defendant who is held in criminal contempt has necessarily satisfied any *721 element of those substantive crimes. In short, the offenses for which Dixon and Foster were prosecuted in this case cannot be analogized to greater and lesser included offenses; hence, they are separate and distinct for double jeopardy purposes.[3]
The following analogy, raised by the Government at oral argument, see Tr. of Oral Arg. 8-9, helps illustrate the absurd results that Justice Scalia’s Harris!Blockburger analysis could in theory produce. Suppose that the offense in question is failure to comply with a lawful order of a police officer, see, e. g., Ind. Code § 9-21-8-1 (Supp. 1992), and that the police officer’s order was, “Don’t shoot that man.” Under Justice Scalia’s flawed reading of Harris, the elements of the offense of failure to obey a police officer’s lawful order would include, for purposes of Blockburger’s same-elements test, the elements of, perhaps, murder or manslaughter, in effect converting those felonies into a lesser included offense of the crime of failure to comply with a lawful order of a police officer.
In sum, I think that the substantive criminal prosecutions in this case, which followed convictions for criminal con *722 tempt, did not violate the Double Jeopardy Clause, at least before our decision in Grady. Under Grady, “the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” 495 U. S., at 510. As the Court points out, see ante, at 703-704, this case undoubtedly falls within that expansive formulation: To secure convictions on the substantive criminal charges in this case, the Government will have to prove conduct that was the basis for the contempt convictions. Forced, then, to confront Grady, I join the Court in overruling that decision.

 Justice Scalia suggests that the dicta in those earlier cases are of limited value in light of Bloom v. Illinois, 391 U. S. 194 (1968), which held that the Sixth Amendment right to a jury trial applies to nonsummary contempt prosecutions. But there is simply no reason to think that the dicta in those cases were based on the understanding that prosecutions for contempt were not subject to the Double Jeopardy Clause. Rather, the principal theme running through the pr e-Grady cases is that, while nonsummary contempt is a criminal prosecution, that prosecution and the later one for a substantive offense involve two separate and distinct offenses.

 The Court’s discussion of the use of the contempt power at common law and in 19th-century America, see ante, at 694-695, does not undercut the relevance of these later, pr e-Grady decisions — most of which are from the late 20th century — to the instant case.

 Assuming, arguendo, that Justice Scalia’s reading of Harris v. Oklahoma, 433 U. S. 682 (1977), is accurate, and that we must look to the terms of the particular court orders involved, I believe Justice Scalia is correct in differentiating among the various counts in Foster. The court order there provided that Foster must “ ‘not molest, assault, or in any manner threaten or physically abuse’ ” his estranged wife. App. to Pet. for Cert. 4a. For Foster to be found in contempt of court, his wife need have proved only that he had knowledge of the court order and that he assaulted or threatened her, but not that he assaulted her with intent to kill (Count V) or that he threatened to inflict bodily harm (Counts 11-IV). So the crime of criminal contempt in Foster, even if analyzed under Justice Scalia’s reading of Harris, is nonetheless a different offense under Block-burger v. United States, 284 U. S. 299 (1932), than the crimes alleged in Counts II-V of the indictment, since “each provision requires proof of a fact which the other does not.” Id., at 304. Because Justice Scalia finds no double jeopardy bar with respect to those counts, I agree with the result reached in Part III-B of his opinion.