Homer Eugene Ivey petitioned for certiorari review of the judgment of the Court of Criminal Appeals upholding his conviction for aggravated stalking, Ala. Code 1975, § 13A-6-91. See Ivey v. State, 698 So.2d 179 (Ala.Crim.App. 1995). This Court granted the petition, to consider Ivey's argument that his conviction violates the constitutional protections against twice being placed in jeopardy for the same offense, U.S. Const. Amend. V; Ala. Const. 1901, art. I, § 9. Ivey was earlier held in contempt of court for the conduct that is the basis for this prosecution. This certiorari petition requires us to consider for the first time the circumstances under which, under the rule of United States v. Dixon, 509 U.S. 688,113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the Double Jeopardy Clause bars *Page 188 
prosecution of a defendant for a substantive crime that formed the basis for finding the defendant in criminal contempt.
While Ivey and his wife were involved in divorce proceedings, the circuit court issued a temporary restraining order (TRO), on May 12, 1993. It provided, in pertinent part:
 "1. The Defendant is to cease pushing, grabbing, bruising, threatening . . . and/or striking the Plaintiff in any manner whatsoever.
 "2. The Defendant is to cease coming about the place of employment of the Plaintiff [First United Methodist Church], except on Sundays, to attend church, or coming about any home in which the Plaintiff resides.
 "3. The Defendant is to cease contacting or harassing the Plaintiff in any manner whatsoever."
The class B felony of "aggravated stalking" is defined in Ala. Code 1975, § 13A-6-91(a):
 "A person who violates the provisions of Section 13A-6-90(a) and whose conduct in doing so also violates any court order or injunction is guilty of the crime of aggravated stalking."
Section 13A-6-90(a) defines the crime of "stalking":
 "A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking."
On June 11, 1993, the court hearing the divorce action entered a judgment finding Ivey in criminal contempt of court for having violated the terms of the above-quoted TRO:
 "Upon hearing in open court upon testimony and proof ore tenus, defendant is found in contempt of court and as punishment for such contempt is ordered incarcerated in the Etowah County Jail for a term of five (5) days."
This was "criminal contempt" because it was imposed as punishment, rather than to induce Ivey to perform some act.State v. Thomas, 550 So.2d 1067, 1072 (Ala. 1989); Ex parteAbercrombie, 277 Ala. 479, 482, 172 So.2d 43 (1965).
However, under the Alabama Criminal Code, this contempt is only an "offense," § 13A-1-2(1), not a "crime," § 13A-1-2(5). The maximum sentence the circuit court can impose for criminal contempt is 5 days in jail and a $100 fine. Ala. Code 1975, §12-11-30(5). An offense that may be punished only for 30 or fewer days in jail is a "violation," § 13A-1-2(2). Only misdemeanors and felonies (not violations) are crimes. §13A-1-2(5). Therefore, under our statutes, criminal contempt is a violation, and is merely an offense, not a crime.
This Court held in Ex parte Evett 264 Ala. 675, 89 So.2d 88
(1956), that criminal contempt was not an "act 'declared criminal,' " within the meaning of Ala. Code of 1940, Tit. 15, § 287 (now Ala. Code 1975, § 15-3-8), which prohibited multiple punishments or successive prosecutions under the circumstances stated therein. 264 Ala. at 679, 89 So.2d at 91. The Evett
court further held that "[a] conviction on an indictment will not purge a contempt, nor [will] a conviction for a contempt be a bar to an indictment." Id. 264 Ala. at 679, 89 So.2d at 91;Ex parte Morehead, 281 Ala. 71, 199 So.2d 82 (1967). See alsoInternational Brotherhood of Electrical Workers, Local 136 v.Davis Constructors Engineers, Inc., 334 So.2d 892 (Ala. 1976).
Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477,20 L.Ed.2d 522 (1968), held that the right of jury trial applies toserious contempts, just as it applies to other serious criminal charges. United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849,125 L.Ed.2d 556 (1993), relying largely on Bloom, applied the Double Jeopardy Clause to criminal contempts, but Dixon had been sentenced to 180 days in jail and Foster (whose appeal was addressed along with Dixon's) had been sentenced to a total of 600 days in jail. Thus, the Court did not address the possibility of not applying the Double Jeopardy Clause to minor contempts. *Page 189 
Because the United States Supreme Court has held that jeopardy attaches in criminal contempt proceedings, but has so held only in cases in which significant punishment is available or has been imposed; because our statutes make criminal contempt only a "violation," not a "crime," and allow the circuit court to impose no more than a 5-day jail sentence and a $100 fine as punishment; and because our cases have held that contempt is not a crime as to which jeopardy attaches for purposes of the Double Jeopardy Clause, we hold that the Court of Criminal Appeals reached the correct result in affirming Ivey's conviction for aggravated stalking.
AFFIRMED.
MADDOX, SHORES, HOUSTON, KENNEDY, COOK, BUTTS, and SEE, JJ., concur.
HOOPER, C.J., concurs in the result.