Appellant, Tyrone Thomas, was convicted of felony possession of marijuana and sentenced to fifteen years in the penitentiary. The only issue raised on appeal is whether the trial court erred by not suppressing the marijuana found on Thomas and a statement he later made to police because of an illegal search and seizure. The facts of the case are summarized below.
Thomas was stopped by Officer Yates of the Montgomery Police Department for an improper headlight. When asked for a driver's license, Thomas said he did not have one. Yates then asked him to step out of the car so some identification could be obtained.
Yates then saw yellow envelopes in a cloth pouch in Thomas's pocket, which he immediately seized. Without looking in the envelopes, he placed Thomas under arrest, patted him down, and handcuffed him. Yates testified that he had never seen marijuana in plain view but had seen only the yellow envelopes. Thomas had not consented to any search, and he was not frisked until after the envelopes were pulled from his pocket. Additionally, *Page 1077 
Yates testified that prior to the seizure of the envelopes, Thomas was facing charges of "improper headlights" and "no driver's license" but was not arrested until after the seizure of the envelopes. Officer Yates was not in fear of his safety and did not believe Thomas's pocket contained a weapon. Finally, Yates testified that he had seen marijuana packaged in envelopes on other occasions.
The State contends that Thomas was under arrest at the time he stepped out of the car and that the seizure was the result of a search incident to a lawful arrest. This argument is without merit.
Since the officer had, in reality, only stopped the car and asked for identification, his actions up to that point can only be characterized as a limited investigatory stop or, in the words of Sly v. State, 387 So.2d 913 (Ala.Cr.App. 1980), "a mere temporary detention." The court in that case, citing 61A C.J.S. Motor Vehicles § 593 (1) (1970), goes on to say:
 "[T]his stopping of a motorist by a police officer for a traffic offense does not constitute an arrest. `An arrest is to be distinguished from a mere temporary detention, and the stopping of a motorist for . . . questioning or investigation after an apparent violation of such laws does not of itself constitute an arrest.'" 387 So.2d at 916.
Yates, by asking for identification, was still investigating the case and had not issued any citations prior to seizing the envelopes. He testified that Thomas was not under arrest until after the seizure; under those circumstances, Thomas was temporarily detained.
Even if Thomas had been properly arrested, which he was not, he could not properly be placed under a custodial arrest. SeeMorton v. State, 452 So.2d 1361 (Ala.Crim.App. 1984); Danielsv. State, 416 So.2d 760 (Ala.Crim.App. 1982); and § 32-1-4, Code of Alabama 1975. The search-incident-to-arrest exception to the warrant requirement arises only when there is a custodial arrest. United States v. Robinson, 414 U.S. 218,94 S.Ct. 467, 38 L.Ed.2d 427 (1973). Fortunately, we live in a free society in which individuals are not usually subject to a custodial arrest for the failure to carry identity papers or driver's license, or failure to keep the bulbs in their headlights from wearing out. For the foregoing reasons, the search in the case sub judice cannot be justified as a search incident to a lawful arrest.
Neither can the search be justified as a "stop and frisk" under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889
(1967), since the frisk was after the arrest and the officer admitted that he did not believe Thomas was carrying a weapon.Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917
(1967).
The other possible justification for the search is the plain view exception. After analysis, however, this justification must also be rejected.
Yates never saw marijuana or anything that would reasonably indicate to him that Thomas was engaged in a criminal activity. The envelopes were inside a coat pocket with the flap pulled down. All Yates saw were the envelopes themselves.
The case of Coolidge v. New Hampshire, 403 U.S. 443,91 S.Ct. 2022, 29 L.Ed.2d 564 (1970), required that it be immediately apparent that an article seized under the plain view exception was contraband or associated with criminal activity. Texas v.Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), has partially repudiated the "immediately apparent" requirement ofCoolidge. However, there still must be probable cause to believe that an article is associated with criminal activity before it can be seized under the plain view exception.
In Texas v. Brown, the appellant, after being stopped by police, very gradually pulled his hand out of his pocket. The police officer noticed that there was a balloon tied off at one end between the appellant's middle fingers which he let drop between the seats. While the appellant was looking in the glove compartment for an *Page 1078 
I.D., the officer noticed plastic vials, a white powdery substance, and an opened package of balloons. The officer testified that he knew from prior experiences that narcotics were frequently packaged in such a way, and that based on that past experience and what he saw in the glove compartment, he seized the balloon. The Supreme Court found sufficient probable cause for the seizure.
In the case sub judice, however, the facts do not supply the officer with any probable cause. Here the facts are simply that a few yellow envelopes could be seen in Thomas's pocket and Yates had previously seen marijuana packaged in yellow envelopes.
It is an accepted common practice for individuals to carry yellow envelopes in a coat pocket. The activity in question, without more, is completely innocuous. Marijuana can be placed, packaged, or stored in many things: shoe boxes, match boxes, paper bags, suitcases, gym bags, jewelry boxes, and purses, to list just a few. To affirm this case would be tantamount to condoning the arrest of any individual in possession of a container.
To uphold this case under the plain view doctrine would cause Fourth Amendment protection to approach the evaporation point. Why, we wonder, would there be less probable cause for the police to make an arrest under the following facts? Johnny's grandmother makes brownies for him on his birthday. After putting them in a bread basket, she puts them in her car and drives off on her way to Johnny's. Unknown to her, however, is the fact that one of her taillights is not working. She is pulled over by an officer experienced in the ways of marijuana users. Knowing that marijuana is often baked into brownies, he seizes the brownies, which are in plain view, and wrestles Johnny's grandmother to the ground.
Since we do not believe that type practice to be in the best interest of a free society, the judgment of the lower court is reversed and this cause remanded.
REVERSED AND REMANDED.
TYSON, HARRIS and SAM TAYLOR, JJ., concur;
BOWEN, P.J., concurs in result only.