PATTERSON, Judge.
The appellee, William Dwight Davis, was indicted by the September 1984 Montgomery County Grand Jury and charged with possession of marijuana. A plea of not guilty and a waiver of arraignment were filed by the appellee on September 24, 1984. On October 18, 1984, counsel for appellee filed a motion to suppress on grounds that the search and seizure were illegal. On October 24, 1984, a hearing was held, and on October 25, 1984, the trial judge entered an order granting the appel-lee’s motion to suppress. From this order the State appeals, as it is entitled to by A.R.Crim.P.Temp. 17.
On July 7, 1984, Montgomery County Police Officer Terry Jett, along with his partner, stopped appellee’s automobile at night because his automobile had one headlight out. As Officer Jett approached ap-pellee’s automobile on the passenger side, appellee exited from the driver’s side and walked back to the patrol car. Appellee’s companion was sitting in the passenger side of the automobile, and Officer Jett approached, shined his light in the automobile and saw a plastic bag with a small manila envelope in it sticking out between the front seats. Officer Jett asked appel-lee’s companion to step out and move around to the back of the automobile. He then reached into the automobile, pulled out the envelope and along with it came the plastic bag containing more manila envelopes. Officer Jett tore open the sealed manila envelope and observed a green leafy substance which he believed to be marijuana.
At the suppression hearing Officer Jett testified that he did not pick up the envelope in question for safety reasons, but *269 rather because in his past experience as a police officer, he had often seen marijuana packaged in the same kind of envelope.
The trial court, relying on Thomas v. State, 453 So.2d 1075 (Ala.Crim.App.), cert. denied, 453 So.2d 1075 (Ala.1984), ruled that the evidence seized should be suppressed.
The facts and circumstances in the case sub judice are so closely similar to those in Thomas v. State that we find that opinion to be dispositive of this case. On the authority of Thomas v. State, we affirm the judgment of the lower court.
AFFIRMED.
All Judges concur.