PATTERSON, Judge.
William Dwight Davis, the appellee, was indicted for the offense of unlawful possession of marijuana, as proscribed by § 20-2-70(a), Code of Alabama 1975. He filed a pre-trial motion to suppress the marijuana on the allegation that the search of his person and seizure of the marijuana were illegal. Said motion was granted and from this action, the State appeals pursuant to A.R.Crim.P.Temp. 17.
During the hearing conducted on Davis’s motion to suppress, Montgomery Police Officer Walton stated that at approximately 10:00 p.m. on September 29, 1984, he observed Davis driving erratically, speeding slightly, and crossing the center line. Officer Walton testified that after he stopped Davis for a traffic violation, and that after Davis exited his vehicle, the following occurred:
“I asked Mr. Davis for his driver’s license and some identification. He produced his driver’s license, and I took his license, gave his license to my partner to run a check on him. When I then turned around, Mr. Davis’ pockets ... had flaps on them. At that time, I noticed a brown envelope hanging onto one of the flaps. I reached up and took the brown envelope and opened it.”
The officer explained that he seized the small brown manila envelope because, from his past experience as a police officer, he knew that such envelopes are commonly used to package marijuana. He also testified that from his past experience, he thought the contents appeared to be marijuana. After the envelope was seized, Davis was transported to the Vice and Narcotics Division. Officer Walton also testified that, after he seized the envelope, he received information that Davis had an outstanding warrant against him.
Our disposition of this cause is clearly controlled by the court’s opinion in Thomas v. State, 453 So.2d 1075 (Ala.Cr.App.), cert. denied, 453 So.2d 1075 (Ala.1984). The Attorney General attempts to distinguish Thomas by asserting that “[t]he evidence proved without conflict that law enforcement officers had, with probable cause, arrested the appellee for driving under the influence of alcohol or a controlled substance and speeding, both jailable offenses, and, while examining the appellee’s driver’s license, observed in plain view an envelope of the sort which [is] commonly used to distribute marijuana.” We construe the Attorney General’s contention to be that *506 the seizure of the envelope was proper for two reasons: (1) the seizure arose from a search incident to a lawful arrest, and (2) the seizure was permissible under the “plain view” doctrine.
First, the evidence does not support even an inference that, prior to the seizure, Davis was arrested for driving under the influence or for speeding. In fact, the evidence before the trial court failed to establish sufficient probable cause to arrest Davis for DUI; at most, the evidence supported cause to arrest Davis for reckless driving. See § 32-5A-190, Code of Alabama 1975. However, as noted, we find that no arrest was effectuated prior to the seizure. Without the fact of a lawful custodial arrest,[1] there is no authority for a full search under the asserted exception to the warrant requirement. See United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 476, 38 L.Ed.2d 427 (1973). Rather, the limitations of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), apply and authorize only a protective search. Thus, we are confronted with the same situation presented in Thomas: no lawful arrest prior to the seizure of the contraband, only “a limited investigatory stop.” 453 So.2d at 1077.
Second, we find no factual distinction between the instant case and Thomas to persuade us that the warrantless seizure in the instant case was justified by the “plain view” doctrine. We adhere to the holding of Thomas that the mere observation of small plain manila envelopes, coupled with the officer’s previous observations that marijuana is packaged in such containers, does not supply the necessary probable cause to associate the envelopes with criminal activity. While the probable cause requirement might have been fulfilled by additional evidence that Davis was reasonably suspected of driving under the influence of marijuana (i.e., that the officer smelled marijuana, or that Davis appeared to be under the influence of marijuana), the record offers no further evidence to reasonably indicate that Davis was engaged in such criminal activity.
Hence, on the authority of Thomas, we find that Officer Walton’s seizure of the envelope from Davis’s person was constitutionally impermissible. See also Davis v. State, 467 So.2d 268 (Ala.Cr.App.1985). Accordingly, the trial court properly granted Davis’s motion to suppress the marijuana. Therefore, the cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.

. Even if Davis had been arrested prior to the seizure, the evidence reveals only, at most, probable cause for arrest on the misdemeanor charges of speeding and reckless driving, which by virtue of § 32-1-4, would be a non-custodial arrest, unless an exception to § 32-l-4(b) applied. A non-custodial arrest will not give rise to a search incident to arrest. Thomas, 453 So.2d at 1077.