The appellant, Charles Wesley Clifton, was found guilty of a violation of the Alabama Uniform Controlled Substances Act, possession of marijuana, and was sentenced to a term of imprisonment of twenty years. He appeals, alleging that certain items received into evidence should have been suppressed. On June 15, 1985, State Trooper Patrick Mahaney observed a vehicle being driven in an erratic manner. At approximately 11:50 p.m., the vehicle, driven by a female with three passengers, including the appellant, was stopped. From the car window, the officer detected an odor of alcohol on the driver's breath and an odor of burning marijuana from within the car. He also noticed a "roach clip" in the ash tray. After the officer conducted a field sobriety test of the driver, he arrested her for D.U.I. After placing her under arrest, the officer searched the car and found rolling papers and a marijuana cigarette butt. At this point, the officer, at some risk with a felony arrest in the offing, ordered the two male passengers, one of whom was the appellant, out of the car. He observed that they bore crude tattoos, such as those done in prison. The third passenger, a female asleep in the backseat, could not be awakened. The back-up officers whom he had radioed did not arrive until after he handcuffed the two men to each other and patted down both. The officer then asked them who they were and requested identification. One man produced a driver's license. The appellant said that he did not have any identification. The officer then asked to see the appellant's wallet for the purpose of finding out who he was. Appellant Clifton gave the officer his wallet. Upon opening the wallet the officer discovered therein a cellophane package that contained green plant material which turned out to be marijuana. The officer then informed the appellant that he was under arrest for possession of marijuana.
The appellant alleges that the evidence obtained and admitted against him was the product of an unlawful search violative of his fourth and fifteenth amendment rights, citing Thomas v.State, 453 So.2d 1075 (Ala.Cr.App. 1984).
We now proceed to examine the sequence of events in this case in light of appellant's contention.
The car was being driven in an erratic manner, which resulted in, and was justification for, the initial stop. When the officer was at the driver's window he detected an odor of burning marijuana and noticed a "roach clip" in the ash tray. The existence of the odor of marijuana is enough to provide probable cause to search an automobile. Sterling v.State, *Page 541 421 So.2d 1375 (Ala.Cr.App. 1982). United States v.Rivera, 595 F.2d 1095 (5th Cir. 1979). The officer conducted a field sobriety test and arrested the driver of the automobile. The subsequent search of the automobile which revealed the marijuana cigarette and rolling papers was therefore valid under Sterling. It was also a lawful search incident to a lawful arrest, which may extend to the entire passenger compartment. New York v. Belton,453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
The evidence obtained from the search of appellant's wallet was properly admitted as a search incident to an arrest. When an arrest occurs is a question of fact to be determined in each case. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889,20 L.Ed.2d 917 (1968). Generally, an arrest occurs when one's freedom of movement is curtailed. Henry v. UnitedStates, 361 U.S. 98, 108, 80 S.Ct. 168, 171, 4 L.Ed.2d 134
(1959); Waldrop v. State, 462 So.2d 1021 (Ala.Cr.App. 1984), cert. denied, 472 U.S. 1019, 105 S.Ct. 3483,87 L.Ed.2d 618 (1985). In the instant case, the appellant was placed under arrest the moment the officer handcuffed him, thus curtailing his freedom of movement.
The next step in the analysis is the determination of probable cause to arrest the appellant.[1] In order to have a valid arrest, probable cause is required to exist before the arrest. Henry v. United States, 361 U.S. 98,80 S.Ct. 168, 4 L.Ed.2d 134 (1959). Of course, an arrest cannot be described as based upon probable cause if the contraband is discovered after the arrest and this is claimed to be basis for the arrest. Johnson v. United States, 333 U.S. 10,68 S.Ct. 367, 92 L.Ed. 436 (1948). "Probable cause exists where the facts and circumstances within an officer's knowledge . . . are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed." State v. Butler, 461 So.2d 922
(Ala.Cr.App. 1984). The existence of marijuana odor, the roach clip, and the marijuana cigarette obtained from the search of the car were all facts contributing to probable cause to arrest the appellant.
The final step concerns evidence obtained from the wallet. A warrantless search may be made pursuant to a lawful arrest in order: (1) to check for weapons, and (2) to secure evidence which the defendant might possess. Foy v. State,387 So.2d 321 (Ala.Cr.App. 1980). The search cannot precede the arrest, but must be made contemporaneously with it and must be limited to the defendant's immediate person. Chimel v.California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685
(1969). The search of the appellant consisted of a pat down search and an examination of the contents of his wallet. The search did not exceed constitutionally permissible limits. Since probable cause existed for this arrest, the ensuing search was legal and the evidence obtained therefrom was properly admitted.
Thomas, supra, relied on by appellant, is distinguishable on the facts.
For the reasons set out above, the judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] While a search without a warrant is, within limits, permissible if incidental to a lawful arrest, if an arrest without a warrant is to support an incidental search, it must be made with probable cause. Henry v. United States,361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).