On March 8, 1985 at approximately 2:00 a.m., appellant, John Roderick Buchanan, was stopped by Officer Willie Smith of the Auburn Police for driving at an excessive rate of speed. Officer Smith, using a radar speed gun, clocked appellant's speed at 52 miles per hour in a 35-mile-per hour zone.
Officer Smith testified that after he stopped appellant's automobile, he requested that appellant produce his driver's license. Appellant fumbled through his wallet, dropping cards, and attempted to give the officer his student identification card. Appellant finally produced his driver's license, but during the interim the officer observed the "strong odor of an alcoholic beverage" on appellant's breath. The officer *Page 146 
asked appellant if he had been drinking and appellant replied that he had. At that time the officer told appellant that he would like him to take an Alcosensor test. Appellant complied and the test was administered at the scene. Appellant failed the Alcosensor test.
The officer informed appellant that he was under arrest for speeding, and that he was going to take him down to the Auburn Police Department where he would be administered the Intoxilizer 5000 test. The results of the Intoxilizer 5000 test revealed an alcohol level of .133 percent. Appellant was then charged with D.U.I. Thereafter, upon a jury trial, appellant was found guilty of D.U.I., and was assessed a fine of $500 and costs and was ordered to attend D.U.I. school. From this conviction and sentence he now appeals.
 I
Appellant contends first that there was no probable cause to detain or arrest him for D.U.I. He contends that the act of speeding, standing alone, supplied insufficient probable cause to detain him for D.U.I.
Contrary to appellant's assertion, he was not detained for D.U.I. merely because he was speeding. He was detained for D.U.I. because Officer Smith, after stopping him for speeding, observed that he had a "glassy outlook about his eyes," that he was "very disoriented," that he had a "strong odor of an alcoholic beverage on [his] breath," and because he, thereafter, failed an Alcosensor test.
In Richardson v. City of Trussville, 492 So.2d 625
(Ala.Cr.App. 1985), police officers stopped Richardson because they observed him parked late at night in a parking lot of a dentist's office which had recently been burglarized. After stopping Richardson, they observed that he had slurred speech, that he stumbled getting out of his car, and that the odor of alcohol was on his breath. This court held that upon these observations the officers were under a duty to detain Richardson and transport him to the city jail for testing.
Likewise, in the instant case, upon stopping appellant for speeding and noticing the various indications that he was intoxicated, and upon his failure of the Alcosensor test, the officer was clearly under a duty to detain appellant and transport him to the city jail for further testing. Contrary to appellant's assertion, there was abundant probable cause to detain him for D.U.I.
 II
Appellant contends that the trial court erred in overruling his objection to the admission of the breath test and in denying his motion for judgment of acquittal because, he contends, the breath test results were the product of an illegal arrest. He contends, specifically, that pursuant to § 32-1-4, Code of Alabama 1975, he could lawfully have been arrested only if he had been presented a Uniform Traffic Ticket and Complaint for speeding and had refused to sign it or if the officer had arrested and charged him, on the scene, for the offense of D.U.I.
We note that § 32-1-4(b) provides:
 "The provisions of this section shall not apply . . . to any person charged with driving while under the influence of intoxicating liquor . . . and the arresting officer shall take such person forthwith before the nearest or most accessible magistrate."
Appellant contends that he was neither charged nor arrested for D.U.I. at the scene, and, thus, that this section does not apply to him.
Upon appellant's failing the Alcosensor test, Officer Smith handcuffed him, placed him in his patrol car, and transported him to the police station. This Court, in Waldrop v. State,462 So.2d 1021 (Ala.Cr.App. 1984), wrote:
 "An arrest is the taking, seizing, or detaining of the person of another by touching, or by any act which indicates an intention to take him into custody and subject the person arrested to the actual control and will of the person making the arrest. . . ." *Page 147 
The evidence in this case clearly indicates that appellant was effectively placed under arrest for D.U.I. at the scene, although formal charges were not made until test results from the Intoxilizer 5000 were available. We, therefore, find that the appellant's objection to the admission of the results of the breath test was properly overruled and that his motion for judgment of acquittal was properly denied.
 III
Appellant contends that the State failed to relate the breath test to the time of the offense and that such failure gave rise to such insufficiency of the evidence as to require a verdict of acquittal. Appellant apparently contends that a sufficient relationship between his condition at 1:58 a.m., when he was placed in custody, and his blood alcohol level at 2:44 a.m., when he was tested, was not established. Appellant's argument is without merit. The record clearly relates the events which occurred between the time appellant was initially stopped for speeding and the time the Intoxilizer 5000 test indicated that he had a blood alcohol level of .133. As appellant put forth no evidence to indicate why the reading at 2:44 a.m. did not reflect his condition when he was taken into custody at 1:58 a.m., we find that the test results did, in fact, reflect his condition at the time he was arrested.
Furthermore, appellant also appears to argue that because he was characterized as a "perfect gentleman" by one of the officers the test results should be ignored. Section32-5A-191(a) provides that "[a] person shall not drive or be in actual physical control of any vehicle while: (1) There is 0.10 percent or more by weight of alcohol in his blood." Regardless of appellant's manners, it is evident that he was in violation of this section, and his argument to the contrary is without merit.
 IV
Appellant finally contends that his requested charges numbered 1, 2, and 6 were correct propositions of law and that the trial court should have included them in its oral charge. A review of these requested charges reveals that they either contained incorrect statements or were effectively given in another form in the charge. We note that appellant's requested charge number 2 was marked "given" by the trial court and that the record reveals that it was substantially communicated to the jury. We, therefore, find no error on the part of the trial court in its disposition of these requested charges.
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.