McMILLAN, Judge.
The appellant, Adair McCall, was traveling on Interstate 85 when he was arrested for speeding. Because the state trooper suspected that the appellant was driving under the influence, he was transported to headquarters in order to take a breath test. Following the breath test, he was arrested and charged with the offense of driving under the influence. The appellant pleaded guilty in Lee County District Court and was sentenced to 12 months’ hard labor and fined $500. He appealed to the Circuit Court of Lee County, where he pleaded not guilty. He was convicted and sentenced to six months’ imprisonment and fined $500.
The appellant argues that the act of speeding is insufficient probable cause to detain him on a suspicion of D.U.I. He further argues that he was illegally arrested or detained for D.U.I. The following transpired during the voir dire examination of the arresting officer:
“[Defense Counsel]: Officer, on the scene there, you transported my client from the scene to that testing place under the sole reason of taking the test; is that correct?
“A: Yes.
“Q: After you got the results you then arrested him for D.U.I., did you not?
“A: Yes.
“Q: All right. And that was after you got a test result; is that correct?
“A: That’s correct.
“Q: What was my client detained and arrested for on the Interstate 85 and detained in your custody for 45 minutes before you got him to blow the breath test? What was he under arrest for, speeding?
“A: Speeding.
“Q: All right. Before arresting him for speeding, did you issue to him a Uniform Traffic Citation and permit him to sign it for his bond?
“A: No.
“Q: All right. You never stated an arrest for anything other than the offense of speeding? You did not tender his U.T.T.C. to him and let him sign it on his bond?
“A: No.
“Q: So would it be fair to say that everything you’ve testified today, this morning, was done under the pretense of an arrest for speeding and the statement of an arrest for speeding?
“A: No.
“Q: And you’ve made no arrest whatsoever for D.U.I. until after the test results?
“A: That’s the time that I done the arrest but it wasn’t — everything I done was not solely for that purpose.
“Q: I understand that but you—
“A: Being arrested for speeding.
“Q: Your testimony is, very frankly, he was under arrest for speeding and suspicion for D.U.I.?
“A: D.U.I.
“Q: And you made no arrest or perfected an arrest on D.U.I. until after you got him to blow into the machine?
“A: To obtain that evidence.”
In the recent decision of Hays v. City of Jacksonville, 518 So.2d 892 (Ala.Cr.App.1987), this court stated:
“[U]nless one of the other exceptions [to § 32-1-4, Code of Alabama (1975)] (an accident resulting in personal injury or death or probable cause to believe the motorist has committed a felony) applies, probable cause to arrest for D.U.I., accompanied by an arrest for another misdemeanor traffic offense, is not sufficient to authorize custodial detention for chemical testing. Probable cause to ar *670 rest for D.U.I. must be followed by an actual arrest, Ex parte Love [513 So.2d 24 (Ala.1987)], and that arrest must be ‘lawful’ within the meaning of § 32-1-4.
[[Image here]]
“... If the officer has probable cause to believe that the motorist was driving under the influence (as the officers did here and in Buchanan [v. City of Auburn, 512 So.2d 145 (Ala.Cr.App.1987)]), he should arrest for D.U.I. If he does not have probable cause to believe the motorist was driving under the influence then an arrest for another traffic offense may not be followed by a chemical test to confirm his suspicion of D.U.I. ‘The reason for requiring a prior arrest is that the blood test itself should not be a factor upon which the determination to arrest is made, and correspondingly, that probable cause should be established pri- or to the taking in order to prevent general investigatory searches into the suspect’s person to determine whether he had been drinking.’ Comment, ‘Arrest Requirements for Administering Blood Tests,’ 1971 Duke L. J. 601, 613-14 (1971).”
See also Sheffield v. State, 522 So.2d 4 (Ala.Cr.App.1987).
Because the appellant was charged with speeding only, his detention following the arrest for speeding was not authorized. The arrest was illegal under the meaning of § 32-5-192(a), and the results of the blood alcohol test were inadmissible.
REVERSED AND REMANDED.
All the Judges concur.