McMILLAN, Judge.
The appellant was convicted of escape in the third degree, in violation of § 13A-10-33, Code of Alabama (1975). He was sentenced to one year and one day in the State penitentiary, fined $1,000, and ordered to pay $25 to the victim’s compensation fund and to pay court costs. The appellant’s prison term was suspended and probation was ordered.
William E. Harris II, an Alabama State Trooper, “clocked” the appellant’s vehicle traveling at 77 miles per hour on the night in question. He stopped the appellant, took his license and asked him to sit down in his police ear. He testified that he showed the appellant the speed on the radar and told him that he was going to write a ticket for speeding. He further testified that the appellant became upset and began using profanity. Officer Harris testified that he had noticed the appellant staggering when he walked back to the police car, smelled alcohol on his breath, and noted that his speech was slurred. Officer Harris continued filling out the speeding ticket and prepared to administer an alco-senser test. However, the appellant agreed to take a “spot” test but stated that he would not “go anywhere” with Officer Harris. Officer Harris testified that in response he stated “that he would have to, that he was under arrest for speeding, and that I was going to carry him to town for — if he failed the test where he could take a test which is accepted by the courts to prove, you know, for his benefit more than mine, because I was convinced that he was intoxicated.” The appellant took the spot test and failed it. Officer Harris testified that after the appellant was told that he had failed the test, he opened the car door, jumped out of the car, and ran. A struggle ensued and the appellant was eventually handcuffed. Officer Harris called for help from other officers.
The following transpired during the cross-examination of Officer Harris:
“Q: You have told the jury that at the time he exited the car Mr. Jimmy Vickers was under arrest for speeding; is that correct?
“A: Yes, sir.
“Q: And at no time until your police officers arrived there had you arrested Mr. Jimmy Vickers for any other offense other than speeding; is that correct?
“A: The original charge?
“Q: Yes, sir.
“A: Yes, sir. The original charge was speeding.
“Q: And even after all this fussing takes place out on the highway there was no statement or inference at that time made about, ‘I’m arresting you for D.U.I.’?
“A: No, sir.
“Q: In the entire discourse with Mr. Vickers you addressed your attention with taking him downtown to take a test; is that correct?
“A: I don’t exactly understand what you mean.
*1191 “Q: All right. In reference to a possible D.U.I. charge you never made any statements about arresting Jimmy Vickers for D.U.I. until after this entire transaction was over?
“A: I had told him after, you know, he took the spot test if it showed that he failed it, then we would go to town and take the other test, and if he failed it then he would be charged with D.U.I.
[[Image here]]
“Q: Well, let me ask you this, sir: At what point did you arrest Mr. Jimmy Vickers for D.U.I.?
“A: Down at the scene — at the hospital after it was all over I went ahead and placed him under arrest.
[[Image here]]
“Q: So, only át that time — only at the hospital did you arrest him for D.U.I.?
“A: Yes, sir.”
The appellant argues that he was improperly detained for the act of speeding with a “suspicion of D.U.I.” and was therefore improperly convicted of escape in the third degree. Escape in the third degree is committed where a person “escapes or attempts to escape from custody.” § 13A-10-33(a), Code of Alabama (1975). “[T]he police have no authority to take a motorist into custody and then require him to go to the local station house when that motorist had committed a misdemeanor traffic violation but is willing to sign the summons to court.” Morton v. State, 452 So.2d 1361, 1364 (Ala.Cr.App.1984). The appellant testified at trial that he was willing to sign the ticket, and Officer Harris testified that he had not yet determined whether he would allow , the appellant to sign the ticket. The appellant was under arrest only for speeding when he ran from the car; thus, he was not properly in custody. Hays v. City of Jacksonville, 518 So.2d 892 (Ala.Cr.App.1987); Sheffield v. State, 522 So.2d 4 (Ala.Cr.App.1987), cert. denied (Ala.1988); McCall v. State, 534 So.2d 668 (Ala.Cr.App.1988). The appellant’s detention was illegal; therefore, he could not be convicted of escape from the custody of a police officer. Ex parte Talley, 479 So.2d 1305 (Ala.1985).
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.