Ronald Johnson pleaded guilty to, and was convicted of, possession of marijuana in the first degree, a violation of § 13A-12-213, Ala. Code 1975. He was sentenced to serve one year and one day in prison and was fined $1,050. Before he pleaded guilty, Johnson preserved one issue for appeal.
Johnson contends that the trial court erred in denying his motion to suppress evidence gathered as a result of what he says was an illegal search. The trial court found "that the limited search and `pat down' of the defendant's outer garment was proper, as incident to a lawful arrest, and was otherwise *Page 273 
lawfully permitted." (C. 55.) Specifically, Johnson claims that the arresting officer had neither a reasonable suspicion that Johnson was carrying a concealed weapon nor probable cause to conduct the search of his pockets that yielded the bag of marijuana.
The following evidence was presented with respect to Johnson's motion to suppress. James Horsley, a conservation enforcement officer, testified that, while on patrol in the Black Warrior Wildlife Management Area, he encountered Johnson and a juvenile, who were in a pickup truck. Upon seeing firearms in the truck, Horsley placed Johnson under arrest for not having a permit to possess a firearm in a wildlife management area. This was, however, a noncustodial arrest. Horsley testified that when conservation officers arrest someone for the illegal possession of a firearm in that area, the officers check the vehicle and the person for ammunition and illegal game.
Horsley further testified that he saw Johnson reach into either his pants pocket or his jacket pocket. Horsley testified that he believed that Johnson could have a firearm, ammunition, or illegal game in the pocket. Horsley asked Johnson if he had anything in his pocket, and Johnson did not respond. Horsley then patted Johnson down and felt something that felt like a plastic bag with something soft in it. Horsley then asked Johnson to empty his pockets, at which time Johnson produced the marijuana from his pocket. Horsley testified that this search was not an inventory search and that he was "not fixing to place [Johnson] in jail unless we had problems with him." (C. 44.)
Johnson argues on appeal that, because he was not under custodial arrest at the time of the pat-down search, the officer had no probable cause to conduct a search under the search incident to a lawful arrest exception to the warrant requirement. Thus, Johnson claims, the trial court should have suppressed the marijuana.
However, once Officer Horsley discovered that Johnson illegally possessed firearms in the wildlife management area, Horsley had probable cause to search both Johnson and his vehicle to determine whether Johnson possessed additional firearms, ammunition, or illegal game. "Probable cause exists where all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched."Sheridan v. State, 591 So.2d 129, 130
(Ala.Cr.App. 1991). "The requisite probable cause is present if a reasonably prudent person, based on the facts and circumstances which the officer knows, would be justified in concluding that the items sought are connected with criminal activity and that they will be found in the place to be searched. Illinois v. Gates, 462 U.S. 213
[103 S.Ct. 2317, 76 L.Ed.2d 527] . . . (1983).'" Day v. State,539 So.2d 410, 413-14 (Ala.Cr.App. 1988). "'The test for probable cause is "whether the facts available to the officer at the moment of the seizure or search, would warrant a man of reasonable caution to believe that the action taken was appropriate."'" Ivey v. State, 698 So.2d 179, 185-86
(Ala.Cr.App. 1995), aff'd, 698 So.2d 187 (Ala. 1997) (quotingRiley v. State, 583 So.2d 1353, 1355 (Ala.Cr.App. 1991)).
Here, Officer Horsley caught Johnson in illegal possession of a firearm in a wildlife management area. Thus, it is appropriate that Officer Horsley search both Johnson and his vehicle for additional weapons, ammunition, and game. "When we speak of probable cause, we are dealing with probabilities which are factual and practical considerations of everyday experience."Sterling v. State, 421 So.2d 1375, 1381 (Ala.Cr.App. 1982). It is reasonable for Horsley to conclude, having caught Johnson in possession of a firearm in a protected wildlife area, that Johnson might also possess additional firearms, ammunition, or illegal game.
Furthermore, exigent circumstances existed. "[E]xigent circumstances exist whenever an object to be searched is mobile or moveable. . . ." Day v. State, 539 So.2d at 414. Johnson could have moved or disposed of any additional firearms, ammunition, or illegal game that he had in his vehicle or on his person if Officer Horsley did not conduct an immediate search. "[P]robable *Page 274 
cause combined with the existence of exigent circumstances justifies a warrantless search." Wedgeworth v. State,610 So.2d 1244, 1247 (Ala.Cr.App. 1992). We hold that, based on the totality of the circumstances in this case, probable cause existed to justify Horsley's search of Johnson.
During this pat-down search, Horsley plainly felt a plastic bag in Johnson's pocket containing a soft substance that he perceived to be marijuana. Horsley testified that this object did not feel like a weapon or ammunition, but that it felt like it could be small game. Officer Horsley also testified, though, that he had no reason to believe that the object in Johnson's pocket was anything other than a bag of marijuana. Although Horsley testified that he did not think that the object was a firearm, ammunition, or game, ordering Johnson to empty the contents of his pockets did not exceed the scope of the search Horsley was authorized to conduct. Because the search was justified, ordering Johnson to empty his pockets was justified. "If probable cause justifies the search . . . it justifies the search of every part of the [person and] . . . contents that may conceal the object of the search." State v. Betterton,527 So.2d 743, 746 (Ala.Cr.App. 1986), aff'd, 527 So.2d 747
(Ala. 1988). Thus, any contraband discovered during Horsley's lawful search is admissible against Johnson.
"In reviewing a trial court's ruling on a motion to suppress evidence, this court must make all reasonable inferences and credibility choices in support of the trial court's ruling."Allen v. State, 689 So.2d 212, 216 (Ala.Cr.App. 1995). In light of the evidence presented in the record, we hold that upon his discovery that Johnson was in illegal possession of firearms in a wildlife management area, Officer Horsley had probable cause to search both Johnson and his vehicle for additional weapons, ammunition and game. Furthermore, any contraband discovered in the course of that search is admissible. Based on the above, the trial court did not err in denying Johnson's motion to suppress evidence.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.