990 So.2d 444 (2008)
J.T.C.
v.
STATE of Alabama.
CR-06-2083.
Court of Criminal Appeals of Alabama.
February 1, 2008.
*445 D. Tara Middleton, Tuscaloosa, for appellant.
Troy King, atty. gen., and Jack W. Willis, asst. atty. gen., for appellee.
WELCH, Judge.
J.T.C., who had been granted youthful-offender status, pleaded guilty to first-degree possession of marijuana, a violation of § 13A-12-213, Ala.Code 1975. J.T.C. entered his plea after reserving the right to challenge the legality of the search of his vehicle and the marijuana seized as a result of that search. The trial court sentenced J.T.C. to 18 months in prison and ordered him to pay a $50 assessment to the crime victims' compensation fund and a $100 assessment to the forensic trust fund. Because J.T.C. was granted youthful-offender status, he was not required to pay a fine pursuant to the Drug Demand Reduction Assessment Act. S.T.E. v. State, 954 So.2d 604, 608 (Ala.Crim.App.2006).[1]
*446 The standard of review of a trial court's ruling on a motion to suppress is as follows:
"Where evidence is presented to the trial court ore tenus in a nonjury case, a presumption of correctness exists as to the court's conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Odom v. Hull, 658 So.2d 442 (Ala.1995). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court's judgment. Ex parte Board of Zoning Adjustment of the City of Mobile, 636 So.2d 415 (Ala.1994).
"[Ex parte Agee], 669 So.2d [102,] at 104 [ (Ala.1995) ]. `Where the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and [this Court] will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court's application of the law to those facts."
Ex parte Jackson, 886 So.2d 155, 159 (Ala. 2004).
The record shows the following. The hearing on J.T.C.'s motion to suppress was held on the day trial was scheduled to begin. The State requested a continuance because the police officer who seized the marijuana from J.T.C's car was off duty and could not be reached and, therefore, was not present for trial. J.T.C. opposed the continuance, but agreed that if the continuance was granted, he would be willing to proceed with the hearing on the motion to suppress based on a stipulation of the facts as presented in his motion. The State did not object to the proposal and the trial court accepted it, saying, "I have the motion to suppress with me with a stipulation of  with a statement of facts from the defendant's brief and I'm going to advise the parties that I intend to consider the motion to suppress in light of what the Court considers the facts set forth in the brief which the State is stipulating today." (R. 7.)
The following are the facts as set forth in J.T.C.'s brief in support of his motion to suppress:
"On December 19, 2003, Officers Davis and Melton of the Tuscaloosa Police Department observed the Defendant, [J.T.C.], speeding. [J.T.C.], a resident of ____ Old Hickory Lane in Northport, AL, subsequently pulled into the parking area of his cousin's residence at ____ Culver Road in Tuscaloosa, AL, and exited and locked his vehicle. Officer Davis pulled into the parking area as [J.T.C.] was approaching the entrance of his cousin's trailer. Officer Davis told [J.T.C.] to stop and reenter the vehicle. [J.T.C.] refused to enter the vehicle, stating that his keys were locked in his car. At this time, Officer Davis handcuffed [J.T.C.] for `officer safety.'2 Officer Davis then looked in the car and did not see any keys. Without [J.T.C]'s consent, Officer Melton proceeded to reach into [J.T.C.]'s pocket and retrieve a set of keys. [J.T.C.] claimed the keys were not car keys. Officer Davis tried each key until one finally opened the car door. [J.T.C.] did not give Officer Davis permission to search his car; and *447 [J.T.C.] had not been formally arrested for speeding or any other offense at this time. After Officer Davis opened the car door, she said she smelled the odor of marijuana in the vehicle. She then searched the vehicle and found a plastic bag containing marijuana packaged in two smaller plastic bags under the seat. A field test was performed with positive results for marijuana. Only at this point was [J.T.C.] arrested. He was charged with Possession of Marijuana in the First Degree under Section 13A-12-213 of the Alabama Code."
2 "This is according to Officer Davis' report, which does not elaborate on the circumstances from which one could infer cuffing [J.T.C.] was necessary."
(CR. 33-34.)
As the State points out in its brief on appeal, in addition to the facts as set out in J.T.C's motion, "the interpretation of facts were argued by the defense and the State." (State's brief at p. 7.) The State "admits this case is somewhat problematical because of the way the facts were developed by the parties." (State's brief at p. 6.)
J.T.C. argues that the officers who searched his car exceeded the authority granted to them under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). At the suppression hearing, the prosecutor argued that the officers were within their rights to search the car "[t]o make sure there's not a weapon that they can shoot him with [sic] when he gets in the car if they do let him go. If they are going to let him go." (R. 16.)
The stipulated facts indicate that the police stopped J.T.C. for speeding. A traffic stop is a seizure within the meaning of the Fourth Amendment. Stone v. City of Huntsville, 656 So.2d 404 (Ala.Crim. App.1994). "Nevertheless, because a routine traffic stop is a limited form of seizure, it is analogous to an investigative detention, and we have therefore held that a traffic stop will be governed by the standard set forth in Terry v. Ohio, 392 U.S. 1." United States v. Francis, 140 Fed. Appx. 184, 185 (11th Cir.2005). Under Terry, law-enforcement officers may stop a vehicle for investigatory purposes based on a traffic violation. State v. Rodgers, 903 So.2d 176, 178 (Ala.Crim.App.2004).
Here, J.T.C. does not dispute that the police were authorized to stop him or that, for their safety, the officers could properly conduct a pat-down search to check for weapons. He does challenge the officers' authority to search the vehicle without his consent and without a warrant.
"`A warrantless search of a vehicle is justified where there is probable cause to believe the vehicle contains contraband.' Lykes v. State, 709 So.2d 1335, 1337 (Ala.Crim.App.1997).
"`"Probable cause exists where all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched." Sheridan v. State, 591 So.2d 129, 130 (Ala.Crim.App.1991). "The requisite probable cause is present `if a reasonably prudent person, based on the facts and circumstances which the officer knows, would be justified in concluding that the items sought are connected with criminal activity and that they will be found in the place to be searched. Illinois v. Gates, 462 U.S. 213 [103 S.Ct. 2317, 76 L.Ed.2d 527] ... (1983).'" Day v. State, 539 So.2d 410, 413-14 (Ala. Crim.App.1988). "`The test for probable cause is "whether the facts available *448 to the officer at the moment of the seizure or search, would warrant a man of reasonable caution to believe that the action taken was appropriate."'" Ivey v. State, 698 So.2d 179, 185-86 (Ala. Crim.App.1995), aff'd, 698 So.2d 187 (Ala.1997) (quoting Riley v. State, 583 So.2d 1353, 1355 (Ala.Crim.App.1991)).' "Johnson v. State, 719 So.2d 272, 273 (Ala.Crim.App.1998). `Probable cause to search a vehicle exists when all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and the vehicle contains contraband.' State v. Odom, 872 So.2d 887, 891 (Ala.Crim.App.2003). See also State v. Ivey, 709 So.2d 502, 505 (Ala.Crim. App.1997) ('Probable cause to believe a vehicle contains contraband exists where all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that a search of the vehicle would produce contraband.').
"`"`Probable cause is concerned with "probabilities," that are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act.'"' Chevere v. State, 607 So.2d 361, 368 (Ala.Crim.App.1992), quoting Carter v. State, 435 So.2d 137, 139 (Ala.Crim.App.1982), quoting in turn Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).
"`"Probable cause does not require an officer to compile an airtight case against a suspect." Williams v. State, 440 So.2d 1139, 1145 (Ala.Crim.App. 1983). "It merely requires that the facts available to the officer would `warrant a man of reasonable caution in the belief' that certain items may be contraband... it does not demand any showing that such a belief be correct or more likely true than false. A `practical, nontechnical' probability that incriminating evidence is involved is all that is required." Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) (citations omitted).'
"Mewbourn v. State, 570 So.2d 805, 808-09 (Ala.Crim.App.1990).
Harris v. State, 948 So.2d 583, 587 (Ala. Crim.App.2006).
Moreover, "[w]ith certain limited exceptions enumerated in subsection (b), and not here applicable, Ala.Code 1975, § 32-1-4 prohibits traditional custodial arrests for misdemeanor traffic offenses where the offender is willing to sign the [uniform traffic ticket and complaint]. See Sheffield v. State, 522 So.2d 4, 7 (Ala.Crim.App.1987); Hays v. City of Jacksonville, 518 So.2d 892, 893 (Ala.Crim.App.1987)." State v. Washington, 623 So.2d 392, 395 (Ala.Crim. App.1993).
In Washington, this court held that
"[t]he limited detention permitted by § 32-1-4(a) does not give rise to a search incident to arrest of either the motorist's person, State v. Davis, 477 So.2d 504, 506 n. 1 (Ala.Crim.App.1985); Thomas v. State, 453 So.2d 1075, 1077 (Ala.Crim.App.1984), or the motorist's vehicle, see Morton v. State, 452 So.2d 1361, 1364 (Ala.Crim.App.1984), overruled on other grounds, Cannon v. State, 601 So.2d 1112 (Ala.Crim.App. 1992). While the officer may conduct a limited protective search for weapons of the motorist's person, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and car, Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), he `must have an actual suspicion that weapons are present' in order to do so, United States v. Lott, 870 F.2d 778, 784 (1st Cir.1989) (emphasis *449 added). See generally 3 W. LaFave, Search and Seizure, §§ 9.4(a), (e) (2d ed.1987)."
Washington, 623 So.2d at 395.
Based upon the stipulated facts as set forth in J.T.C.'s brief, we conclude that the officers did not have probable cause to search his vehicle. No evidence regarding the circumstances of the events leading to the traffic stop are included in the record. The record shows only that police pulled into the parking area behind J.T.C., who was already out of the car and "was approaching" his cousin's trailer when the police ordered him to stop and get back into the car. The stipulated facts do not indicate whether J.T.C. had attempted to elude police or whether the officers had even attempted to stop him before he arrived at his cousin's trailer.
In its order denying the motion to suppress, the trial court stated that when J.T.C. left the car, he "attempted to run inside a residence." (CR. 68.) There is no evidence to support such a conclusion, however. In fact, when the prosecutor was arguing the State's "interpretation of the facts," she initially said J.T.C. "started walking toward a mobile home nearby." (R. 14.) Nothing in J.T.C.'s statement of the facts describe whether he was furtive, nervous, or attempting to flee. There is simply no evidence indicating that J.T.C. was attempting to avoid the traffic stop when police told him to stop as he was approaching the trailer.
Further, the trial court stated in its order that the officers had a right to order J.T.C. back into the car for their safety. There is no evidence indicating that police had an "actual suspicion" that weapons were present in the car. Additionally, when J.T.C. refused to get back in the car, police handcuffed him. There is no evidence as to how far from the car J.T.C. was when the police ordered him to stop and get back in the vehicle. The evidence is undisputed that the car was locked at that time. Any weapon that may have been in the car posed no threat whatsoever to the officers' safety. Thus, the prosecution's assertion that the officers searched the car for their safety does not have merit.
There is no evidence indicating that officers believed any criminal activity was afoot, or that any contraband would be discovered in the car. There is no evidence indicating that officers had any reason to stop J.T.C. other than for speeding. Refusing to give the officers the key to his car or otherwise consent to a search of the car cannot provide the basis for probable cause to search the car. See, e.g., Hall v. State, 897 So.2d 410 (Ala.Crim.App.2003); Urioso v. State, 910 So.2d 158, 159 (Ala. Crim.App.2005) (defendant has the right to withhold consent to search).
The State did not object to J.T.C.'s proposal that, for purposes of the hearing on the motion to suppress, the facts as stated in his brief in support of the motion be the facts upon which the issue would be decided. From the stipulation of facts presented, it is apparent that two officers were involved in stopping J.T.C. The absence of only one officer was discussed; no mention was made at the hearing as to the availability of the other officer.
The State elected to proceed with the hearing based upon the facts as stated in J.T.C.'s brief. It is axiomatic that the arguments of the prosecutor as to the interpretation of those facts do not constitute evidence. The facts set forth in J.T.C's brief simply do not provide a sufficient basis from which the trial court could conclude that the officers had probable cause to search J.T.C.'s vehicle.
Because the trial court improperly denied J.T.C.'s motion to suppress, the judgment *450 against J.T.C. is due to be reversed and the cause remanded for the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
NOTES
[1] We note that on appeal, J.T.C. did not challenge the sentence imposed on him by the trial court. However, "[m]atters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved." Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). In S.T.E., this court held that because the statute imposing assessments to the Alabama forensic sciences trust fund, § 36-18-7(a), Ala.Code 1975, does not explicitly state that the penalty or fee is to be imposed on youthful offenders or on adjudications under the Youthful Offender Act, the penalty should not be imposed on defendants who are granted youthful-offender status. S.T.E., 954 So.2d at 607-608. Because the judgment is reversed on other grounds, however, we need not direct the trial court to take any action in this regard.